CULLINAN *v.* WALKER, AS COLLECTOR OF IN-
TERNAL REVENUE FOR THE FIRST DISTRICT
OF TEXAS.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF TEXAS.

No. 301.   Argued March 9, 1923.—Decided April 30, 1923.

1. The gain accruing to a shareholder through enhancement of the
   value of his shares, and which, when segregated, becomes legally
   income subject to the income tax, may be segregated by a divi-
   dend made on liquidation of the corporation as well as by an
   ordinary dividend.   P. 137.
2. Partly to comply with its state law and partly to procure addi-
   tional credit for the business, an oil corporation was dissolved;
   its trustees in liquidation formed a producing corporation and a
   pipe line corporation, in the same State, transferred one-half of
   the assets to each, receiving from each in return its stock and its
   bonds, transferred all this stock to a holding corporation, which
   they formed in another State, receiving in exchange its stock, and
   distributed this stock, with the bonds of the other two existing cor-
   porations, among the persons who had been the stockholders of
   the dissolved concern.   The three new corporations had at the
   time of the distribution no assets other than those so received
   from the trustees and the value of the assets was the same as when
   the trustees held them.   *Held,* that the securities thus distributed
   were not in legal effect a stock dividend, and that a distributee was
   taxable under the income tax provision of September 8, 1916, c.
   463, Tit. I, §§ 1 and 2, 39 Stat. 756, upon the amount by which the
   securities he received exceeded in value his investment in the
   shares of the original corporation.   P. 136.   *United States* v.
   *Phellis,* 257 U. S. 156.

Affirmed.

ERROR to a judgment of the District Court in an action
against an internal revenue collector to recover back a
tax, paid under protest.

*Mr. John Walsh,* with whom *Mr. William Wright
Moore* and *Mr. Beeman Strong* were on the brief, for
plaintiff in error.

*Mr. Solicitor General Beck,* with whom *Mr. Nelson T. Hartson* and *Mr. P. C. Alexander* were on the brief, for defendant in error.

*Mr. James Byrne,* by leave of court, filed a brief as *amicus curiae.*

*Mr. Arthur A. Ballantine,* by leave of court, filed a brief as *amicus curiae.*

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

A tax of $156,212.66 was laid upon Cullinan, under the Act of September 8, 1916, c. 463, Title I, §§ 1 and 2, 39 Stat. 756, 757, for additional gain or income of that year, assessed at $1,571,760. He paid the tax, under protest; and brought, in the federal court for southern Texas, this action against the local collector of internal revenue to recover the amount. The question was whether certain securities received by Cullinan in that year should be deemed gain or income. The case was tried by the court without a jury, upon agreed facts; and judgment was entered for defendant. Cullinan contends that securities issued to him, which the collector treated as gain or income, were, in legal effect, like a stock dividend; and that, under *Eisner* v. *Macomber,* 252 U. S. 189, he was not taxable thereon. The Government insists that the securities so distributed were gains or income within the rule laid down in *United States* v. *Phellis,* 257 U. S. 156, and *Rockefeller* v. *United States,* 257 U. S. 176. This issue, presented on the facts hereinafter stated, is the only matter for decision. The case is here on writ of error under § 238 of the Judicial Code, because of the constitutional question involved. *Towne* v. *Eisner,* 245 U. S. 418.

Farmers Petroleum Company was, in 1915, a Texas corporation, with a capital stock of $100,000. Cullinan

owned 26.64 per cent. of its stock, for which he had paid
(in that, and the preceding year) $26,640 in cash. Later
in 1915, the company was dissolved under the Texas law;
and Cullinan became one of the trustees in liquidation.
In 1916 the trustees organized two Texas corporations:
Republic Production Company, a producing concern, and
American Petroleum Company, a pipe line concern. To
these corporations the trustees transferred the assets held
by them; one-half in value to each. From each they re-
ceived $1,500,000 par value of its stock and $1,500,000
par value of its bonds; being the total issues. The trus-
tees also organized under the laws of Delaware a third
company: American Republics Corporation, a holding
company. To this company the trustees transferred all
the $1,500,000 stock of each of the new Texas corpora-
tions; from it they received $3,000,000 of its stock. They
thus held in 1916 the $3,000,000 stock of the Delaware
corporation and the $1,500,000 bonds of each of the new
Texas corporations. All these securities the trustees
then distributed *pro rata* among the persons who had
been stockholders in Farmers Petroleum Company.

Farmers Petroleum Company had been dissolved solely
for the purpose of effecting a reorganization. The re-
organization was undertaken, partly, in order to separate
the pipe lines from the producing properties, which coun-
sel advised was necessary; and, partly, in order to pro-
cure credit required for the developing business. The
two new Texas corporations had at the time of the dis-
tribution of the stock of the Delaware corporation no as-
sets other than those received from the trustees in liqui-
dation. These assets were at the time of distribution of
the same value as they were when held by the trustees in
liquidation. Cullinan received 26.64 per cent. of each
class of security. The stock and bonds distributed were
then all worth par. The aggregate value of the securities
received by him was $1,598,400. The amount which he

had invested in Farmers Petroleum Company was $26,640. On the difference, $1,571,760, the internal revenue collector assessed the tax here in question.

Cullinan insists that his gain so ascertained was merely an incident of a reorganization. This was equally true in the *Phellis* and the *Rockefeller Cases*. It is sought to differentiate those cases on the ground, that there the distributed stock of the new corporation was technically a dividend paid out of surplus; and that here the segregation is not of that character. But the gain, which when segregated becomes legally income subject to the tax, may be segregated by a dividend in liquidation, as well as by the ordinary dividend. If the trustees in liquidation had sold all the assets for $6,000,000 in cash, and had distributed all of that, no one would question that the late stockholders of Farmers Petroleum Company would, in the aggregate, have received a gain of $5,900,000, taxable as income. The result would obviously have been the same, if the trustees had taken in payment, and distributed, bonds of the value of $6,000,000, in some new corporations. And the result must, also, be the same where that taken in payment is $3,000,000 of such bonds and $3,000,000 in stock of a third corporation. All the material elements which differentiate the *Phellis* and *Rockefeller Cases* from *Eisner* v. *Macomber* are present also here. The corporation, whose stock the trustees distributed, was a holding company. In this respect, it differed from Farmers Petroleum Company, which was a producing and pipe line company. It differed from the latter, also, because it was organized under the laws of another State. It is true that, at the time this Delaware corporation's stock was distributed, it held the stock of the new oil producing company and likewise the stock of the new pipe line company. But the Delaware corporation was a holding company. It was free, at any time, to sell the whole, or any

part, of the stock in either of the new Texas companies and to invest the proceeds otherwise. By such a sale, and change of investments, all interest of the holding company in the original enterprise might be parted with, without, in any way, affecting the rights of its own stockholders. When the trustees in liquidation distributed the securities in the three new corporations, Cullinan, in a legal sense, realized his gain; and became taxable on it as income for the year 1916.

*Affirmed.*