Booth, Judge,
delivered the opinion of the court:
This is a suit to recover income taxes. No jurisdictional question is involved. The plaintiff was financially interested to a great extent in three manufacturing corporations and this fact renders it necessary to consider the relationship of all three to each other and to the return made by the plaintiff for the purpose of income taxation.
The Weis Manufacturing Company is a Michigan corporation, engaged in manufacturing filing cabinets, bookcases, card cabinets, etc. The plaintiff was its president and general manager, also the largest single stockholder therein. The company had been incorporated prior to 1911, was a close corporation owned exclusively by the plaintiff, his five brothers and two sisters, and was doing a prosperous business. In 1911, John B. Van Wormer, an applicant for a patent covering a fibre container, a device designed by the inventor to supplant the use of glass milk bottles, interested the plaintiff in the exploitation of the same. Van Wormer had incorporated a company in the State of Ohio for this express purpose, but had not attained success. The plaintiff, as well as all the remaining holders of stock in the Weis Manufacturing Company, joined Van Wormer in the organization and incorporation under the laws of Michigan of the Weis-Van Wormer Company. This occurred about March 25, 1911.
The new company was incorporated with an authorized capital stock of $30,000, divided into 3,000 shares of the par value of $10 each. To this company Van Wormer assigned all his patent rights and the assets of his Ohio corporation for a consideration of one-fourth of its capital stock, it being further agreed that the remaining shares of stock should be issued to the stockholders of the Weis Manufacturing Company, in consideration of which financial assistance was to be rendered by the latter to the Weis-Van Wormer Company in developing and marketing the fibre container. These agreements were observed and the stock issued in pursuance thereof.
*13 The Weis-Van Wormer Company did not succeed. On December 29, 1914, it was indebted to the Weis Manufacturing Company in at least the sum of $50,549.74. Van Wormer had sold his interest in the company and retired therefrom, and the entire control of its business, including the patent for the container, had on February 24,1914, been by express contract assigned to the Weis Manufacturing Company for the sum of $25 per annum. On December 29,1914, the stockholders of the Weis-Van Wormer Company unanimously adopted a resolution to pay to the Weis Manufacturing Company the sum of $75,000 to be released from the contract of February. 24, 1914. This sum was to be paid in cash or in stock of a new company to be thereafter organized to take over all the assets of the Weis-Van Wormer Company. The resolution further provided for the organization of the new company and the sale to it of all the assets of the Weis-Van Wormer Company for $1,000,000, to be paid in stock of the new company when the assets were turned over. The new company ivas to be known as the Weis Fibre Container Corporation.
The Weis Fibre Container Corporation was on March 4, 1915, incorporated under the laws of South Dakota. The authorized capital stock was $2,000,000, divided into 80,000 shares of the par value of $25 each. In 1916 the assets of the Weis-Van Wormer Company were turned over as agreed; but the corporation, while dormant, was not dissolved until April 11, 1918. Three thousand shares of the stock of the new corporation, of the par value of $75,000, were issued to the stockholders of the Weis Manufacturing Company as per agreement; 20,000 shares of the par value of $500,000 were likewise issued direct to the stockholders of the Weis Manufacturing Company, and the entire 23,000 shares divided among its stockholders in proportion to their holdings in the Weis-Van Wormer Company, the stockholders of the Weis-Van Wormer Company and the Weis Manufacturing Company being identical at the time. This was done as a matter of convenience. The remaining 20,000 shares issued to the stockholders of the Weis-Van Wormer Company were held in escrow until the stock of the new corporation paid a *14 dividend of 6%. This event never transpired and the stock was eventually turned back into the treasury. Of the- remaining 37,000 shares, a sufficient number were sold to the public at $25 per share to bring into the treasury of the corporation $800,000 in cash, less the commission paid for effectuating their sale.
The plaintiff owned 1,460 shares of the capital stock of the Weis-Van Wormer Company and was to receive in exchange therefor 19,461 shares of the capital stock of the Weis Fibre Container Corporation, or an exchange on the ratio of 13% per one. He actually received certificates for one-half of 19,461, or 9,730% shares, the remaining half being held by the corporation in escrow. Plaintiff in making his return for income taxation for the year 1916 valued this stock at $1.26 per share. The Commissioner of Internal Revenue declined to accept the valuation and assessed an additional tax against the plaintiff of $16,241.40, the commissioner insisting that under the revenue law the plaintiff made a profit by the transaction of the difference between the market value of the 1,460 shares of stock which the plaintiff owned in the Weis-Van Wormer Company on March 1, 1913, which the plaintiff concedes to be $13.33% per share, and the market value of the stock he acquired in the Weis Fibre Container Corporation at the time he acquired it, reaching a conclusion that inasmuch as $800,000 worth of the stock of the latter company had been absorbed by the public at $25 per share during the year 1916, that was its market value.
The plaintiff, after having an adverse ruling on his applications for abatement and refund, paid under protest the additional tax of $16,241.40, and $920.34 interest, making a total of $17,161.74, and it is for the recovery of this sum, with interest, the present suit is brought. The pertinent parts of the revenue act of 1916 are sections 1, 2, and 3 (39 Stat. 796). They are quite familiar and we need not set them forth.
The plaintiff contends that the case is within the decision of the Supreme Court in Weiss v. Stearn, 265 U. S. 242. That to all real intent and purpose it was but a reorganization or exchange of their stock in the old corporation for stock in the new, both having the same assets and hence no *15 taxable gain. With this contention we are unable to agree. Discarding form and observing substance, the findings clearly show that the plaintiff exchanged 1,640 shares of stock in the Weis-Van Wormer Company valued as of March 1, 1913, at $13.33% per share for 19,461 shares of stock in the Weis Fibre Container Corporation, selling on the market in 1916 at $25 per share. The findings, we think, also bring this case within the following cases decided by the Supreme Court: United States v. Phellis, 257 U. S. 156; Cullinan v. Walker, 262 U. S. 134; Marr v. United States, 268 U. S. 536. The stock of the Fibre Container Corporation which ultimately reached the plaintiff as a shareholder of the Weis Manufacturing Company was a portion of the stock paid to the Weis Manufacturing Company in liquidation of the liabilities of the Weis-Van Wormer to the Weis Manufacturing Company and by the latter distributed among its shareholders as a dividend.
Geaham, Judge; Hat, Judge; DowNet, Judge; and Campbell, Chief Justice, concur.