## WILDSCHUTZ v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6729.

Circuit Court of Appeals, Ninth Circuit.

Sept. 7, 1932.

Ralph J. Anderson, of Lewistown, Mont. for petitioner.

G. A. Youngquist, Asst. U. S. Atty. Gen., Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and T. M. Mather, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

The Commissioner redetermined the tax of the petitioner for the year 1922 showing a deficiency in the tax of $1,441.09, resulting from the addition to the income of the petitioner for that year of $12,664.68 as the value of a royalty agreement received in exchange for 784 shares of stock theretofore owned by the petitioner in Green-Wildschutz Royalty Company. The Commissioner fixed the value of this royalty contract at $12,664.68, and this determination was not questioned by the petitioner, whose contention is that the value of the stock and the value of the royalty contract are substantially identical with the difference of $678.45, which difference he concedes is taxable as income. In order to understand the contention of the respective parties, it will be necessary to make a further statement of the facts.

Petitioner was the owner of a homestead entry upon land in Fergus county, Mont. He entered into an agreement with Frank Frantz to develop the lands for oil and gas purposes, reserving a five per cent. royalty. His neighbors, Green and Robinson, had made similar arrangements for the development of their lands, and the three decided to pool their interests and organize a common-law trust to which each conveyed his royalty interest (Green apparently conveyed only ⅚ of his royalty), receiving in exchange certificates of interest. Petitioner received two-sevenths, Green four-sevenths, and Robinson one-seventh. The trustees were limited in their powers to the collection and distribution of the royalty received. Later, in September, 1921, the beneficiaries of the trust organized the Green-Wildschutz Royalty Company, with a capital stock of $70,000 divided into 2,800 shares of the par value of $25 each. The trustees of the common-law trust conveyed all the above-mentioned royalties to this corporation in exchange for its capital stock, of which 784 shares were issued to the petitioner. The powers of the corporation were confined by its articles of incorporation to the management, control, operation, and holding of the royalty oil holdings for the purpose of receiving the money derived from the sale of oil from said holdings, paying the same out in quarterly dividends to the stockholders after the payment of fees and incidental expenses. Green had conveyed to the trust 3 per cent. interest in the oil and gas produced from his premises, and apparently retained 2 per cent. In September, 1922, the petitioner exchanged his 784 shares of stock of the corporation with Green for nine-tenths of 1 per cent. of the oil and gas produced from the property of Green, being the same property from which the corporation was to receive 3 per cent. Petitioner contends that, by reason of his stock ownership, he was entitled, prior to the exchange with Green, to receive ⁴²⁄₅₀ of 1 per cent. of all the oil and gas produced upon the Green property, that is to say, that his share of the 3 per cent. royalty conveyed to the corporation by Green would amount to ⁴²⁄₅₀ of 1 per cent., and that under the contract by which he exchanged his stock for ⁹⁄₁₀ of 1 per cent. of the oil and gas produced upon the Green property, he was to get ⁴⁵⁄₅₀ of 1 per cent., thus gaining ³⁄₅₀ of 1 per cent. by the exchange. This, at the rate fixed by the Commissioner for the ⁹⁄₁₀ of 1 per cent., would amount to $678.45. Petitioner thus claims that the Commissioner was in error in including the value of the remaining ⁴²⁄₅₀ of 1 per cent. as income. He therefore seeks to have the tax upon $11,966.23 abated. The Commissioner having established that the petitioner by virtue of the exchange received property valued at $12,664.68, the burden was upon the taxpayer to show the cost of that which he gave in exchange therefor. This transfer in 1921 from a common-law trust to a corporation was not, the Commissioner contends, and the petitioner seems to concede, a taxable transfer. We see no answer to the proposition advanced by the Commissioner, and none has been made by the petitioner. The argument of the petitioner is confined to the proposition that, by the exchange of corporate stock for the royalty contract, he made a profit of only ³⁄₅₀ of 1 per cent. of the value received by him. If the petitioner were correct in his proposition that the tax was based upon the difference in value between what he gave by way of stock and what he received by way of royalty, there would be some merit in his contention, although it by no means follows that the value of the stock in the corporation could be thus determined.

That the exchange was taxable cannot be doubted. United States v. Phellis, 257 U. S. 156, 42 S. Ct. 63, 66 L. Ed. 180; Rockefeller v. United States, 257 U. S. 176, 42 S. Ct. 68, 66 L. Ed. 186; Cullinan v. Walker, 262 U. S. 134, 43 S. Ct. 495, 67 L. Ed. 906; Allen v. Commissioner (C. C. A.) 49 F.(2d) 716; United States v. Siegel (C. C. A.) 52 F.(2d) 63; Newman v. Commissioner (C. C. A.) 40 F.(2d) 225. As the Commissioner contends: "The gain which is taxable is not based upon any difference

in value between the interest given and that received but upon the increase in value of the property over the cost to the petitioner while in his hands, which increase is derived as income and taxable as such when the property is exchanged for other property having a market value and capable of disposition." See United States v. Phellis, 257 U. S. 156, 42 S. Ct. 63, 66 L. Ed. 180.

Order affirmed.