**VON'S INV. CO., Limited, v. COMMISSIONER OF INTERNAL REVENUE.**

No. 8154.

Circuit Court of Appeals, Ninth Circuit.

April 30, 1940.

Thomas R. Dempsey, A. Calder Mackay, and H. B. Thompson, Jr., all of Los Angeles, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Joseph M. Jones, A. F. Prescott, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Petitioner seeks a review of a decision of the Board of Tax Appeals determining a deficiency in its income tax for its fiscal year ending April 30, 1930. There had been a previous review concerning the claimed deficiency in which we disposed of certain contentions of the taxpayer and the Commissioner. Von's Investment Co. v. Commissioner, 9 Cir., 92 F.2d 861, 864. We reversed the decision in that case and remanded with directions, "(1) to make findings as to the intent and purpose with which the transfer by Linda Von Der Ahe to petitioner and the transfer by Grocers to petitioner were made and, specifically, as to whether or not both transfers were made in furtherance of, and for the purpose of executing and putting into effect, the plan of reorganization embodied in the Merrill contract, such findings to be in addition to those heretofore made; and thereupon (2) to render such decision as the facts may warrant."

On the remand, evidence was taken on our propounded issue of the question of intent of Linda Von Der Ahe, the wife of Charles Von Der Ahe, and the Board found: "The transfers of Von's Inc. stock by Linda Von Der Ahe and by the Grocers Securities Co. to petitioner, in exchange for the stock of petitioner, were made with the intent and for the purpose of disposing of their interests in Von's Inc., as provided for in the plan of reorganization embodied in the Merrill contract, as amended. Both transfers were steps in furtherance of Charles Von Der Ahe's amended contract with Merrill, under which the parties

thereto agreed to bring about what section 112(i) (1) of the Revenue Act of 1928, 26 U.S.C.A.Int.Rev.Acts, page 379, declares to be a reorganization, and were designed to minimize the taxable profit which would have resulted if a direct sale had been consummated as provided for in the Merrill contract of January 7, 1929." Petitioner was held liable for the same deficiency as at the first hearing.

Petitioner contends that certain testimony was improperly excluded and that what was taken does not support the finding of the wife's intent. The Board sustained an objection, on the ground that it was calling for the conclusion and opinion of the witness, to the question to Charles Von Der Ahe: "Mr. Von Der Ahe, I shall ask you if the transfer by Grocers Securities Company on or about the early part of July, 1929, of 23,015 shares of stock to Von's, Incorporated, for 75.6 percent of stock of Von's Investment Company,—if that transfer was made in furtherance of or for the purpose of executing and putting into effect, the plan of reorganization embodied in the Merrill contract.?".

On allowing this objection, petitioner's counsel made an offer of proof as follows: "Mr. Mackay: For the purpose of the record, I will state that if the witness were permitted to answer he would prove that the transfer by Grocers Securities Company to Von's Investment Company was not made in furtherance of, and for the purpose of executing and putting into effect, the plan of reorganization embodied in the Merrill contract."

■ It was error to sustain the objection. The remanded question concerned Von Der Ahe's intent, which it was claimed was the common intent of both husband and wife. The husband's intent was a matter of his mind—what his purpose was in making the transfer of the shares. It was a matter of fact peculiarly within his knowledge.

■ However, the error did not prejudice taxpayer's case. Von Der Ahe was subsequently permitted to testify what purpose he had in mind both in organizing the Grocers Securities Company and in transfering his shares to Von's, Incorporated. His answer was that he had two purposes. One was to have his investment in one rather than two companies. The other was that he "was advised by counsel to do that, to provide a step-up in tax matters."

■ The husband and wife discussed the set-up cost which both were seeking and the organization of Grocers Securities Company which he caused and of petitioner which she caused. The day after the husband transferred his stock to Grocers Securities Company, the wife created petitioner and two days later offered petitioner her stock in Von's, Incorporated. The husband, in the original Merrill agreement, certified that he owned or controlled sufficient stock in Von's, Incorporated to carry out that agreement. This required control of the wife's stock. The husband in the Merrill contract agreed to transfer at least 29,000 shares in Von's to MacMarr. Twenty-nine thousand shares approximated the combined holdings of the husband and wife. Husband and wife discussed together the agreement to place their stock, which constituted all the business of the couple, under the Merrill and Lynch company's contract before it was executed.

They had a common auditor for their separate income tax returns which they made out at the same time. All these facts coupled with what each did with the common purpose to step-up the cost base of each, amply warrant the finding of the Board on the remanded question and in the determination of the taxpayer's deficiency here challenged.

■ Petitioner's brief is correct in saying that in the event "the facts show that Grocers and Linda Von Der Ahe transferred their Von's Inc. shares to petitioner intending thereby to execute the plan embodied in the Merrill contract" this "court has directed that petitioner's basis should be determined under Sections 112(b) (5) and 113(a) (8) of the Revenue Act of 1928 [26 U.S.C.A.Int.Rev.Acts, pages 377, 382]." Our decision that this direction should control the Board of Tax Appeals became final and it is now the law of the case. It was a decision confining the Board's determination of the deficiency to our holding in this regard. On the remanded hearing the Board could not have considered the contentions that these sections do not apply, if the Board found the wife's intent as it was found.

■ Despite this, petitioner seeks to have us hold that these sections should not have controlled the Board's determination. Petitioner contends that we now should consider them as not applicable, because petitioner is not a business corporation but one created for tax avoidance and hence

one not contemplated by the two reorganization sections.* Petitioner's brief admits the record presented this question at the first hearing and at the former appeal here. Petitioner should have sought certiorari to our decision that these sections were applicable in the Board's consideration of the remanded case to have his claim of error considered by the Supreme Court. It cannot be considered here now.

Petitioner also contends that the transfer by the husband to Grocers of the stock of Von's Inc., an operating company, for the stock of Grocers, a transitory holding company, constituted a gainful exchange taxable to the husband and that the base for petitioner is the husband's exchange price to Grocers.** Our decision on the first appeal was that the husband's exchange with Grocers was one controlled by the two sections of the taxing act in question and that it was a nontaxable reorganization. Here also, petitioner should have sought any correction of claimed error by certiorari to our decision on the last appeal.

Affirmed.

\* Citing Gregory v. Helvering, 293 U. S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355; Electrical Securities Corp. v. Commissioner, 2 Cir., 92 F.2d 593.

\*\* Citing Cullinan v. Walker, 262 U. S. 134, 43 S.Ct. 495, 67 L.Ed. 906; Helvering v. Gowran, 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224; Koshland v. Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756.