## CHELEY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 2519.

Circuit Court of Appeals, Tenth Circuit.

Nov. 4, 1942.

Stephen H. Hart, of Denver, Colo. (Lewis & Grant, of Denver, Colo., Frank L. Moorhead, of Boulder, Colo., and Mason A. Lewis and J. B. Grant, both of Denver, Colo., on the brief), for petitioner.

Maryhelen Wigle, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before PHILLIPS, BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This proceeding brings under review an order of the Board of Tax Appeals, and the question presented is whether certain shares of corporate stock distributed to petitioner constituted realized gain subject to income tax.

Throughout the year 1936, Zero Hour Torpedo Company, a corporation organized under the laws of Wyoming, owned a patent on an electric bomb used in "shooting" oil wells; Bleecker Manufacturing Company, a corporation organized under the laws of Oklahoma, manufactured the product; and Zero Hour Bomb Company, a corporation likewise organized under the laws of Oklahoma, sold it. Each of the corporations had authorized and outstanding only one class of capital stock. The stock of the Torpedo Company and that of the Bomb Company was owned by twenty certain individuals, and likewise the stock of the Bleecker Company was owned by the same twenty individuals, except that one of them had given a part of his stock in the Torpedo Company and the Bomb Company to his daughter. With that minor exception which has no material bearing, the stock of the three corporations was owned by the same stockholders, including petitioner, in the same respective percentages. At a meeting of the Board of Directors of the Torpedo Company held in December, 1936, the president was authorized and directed to purchase 16,875 shares of stock of the Bomb Company and 50,625 shares of the Bleecker Company. The stock was immediately purchased from the two companies at $1 per share, and at a meeting of the Board of Directors of the Torpedo Company held on the following day a dividend to the stockholders was authorized equal to 50 cents per share, to be made by distribution of the stock thus acquired. The stock was distributed, petitioner receiving 5,554 shares issued by the Bomb Company and 16,664 shares issued by the Bleecker Company; and after the distribution he held the same proportionate interest in each corporation as he had held immediately prior thereto. In his income tax

return for the year 1936, based on cash receipts and disbursements, petitioner reported as taxable dividends the stock distributed to him at $1 per share, the price which the Torpedo Company paid therefor, and paid tax based on that evaluation. The Commissioner accepted the value as reported on the stock of the Bleecker Company but determined that the fair market value of the stock of the Bomb Company was $3.44 per share, and a deficiency in tax followed. On redetermination the Board of Tax Appeals sustained the Commissioner, and petitioner sought review.

■ The Sixteenth Amendment to the Constitution of the United States empowers Congress to lay and collect taxes on incomes, from whatever source derived, without apportionment, and without regard to any census or enumeration; with certain exceptions which have no bearing here, section 115(a) of the Revenue Act of 1936, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Code, § 115(a) provides that the term "dividend" means any distribution made by a corporation to its shareholders, in money or other property, out of earnings or profits accumulated after February 28, 1913, or out of earnings or profits of the taxable year, without regard to the amount of the earnings or profits at the time the distribution was made; section 115(j) provides that if the whole or any part of a dividend is paid otherwise than in money, the property received shall be included in gross income at its fair market value at the time at which it became the income of the shareholder; and Treasury Regulations 94 are in harmony with these provisions of the act. The constitutional provision is a grant of power but the grant is limited to the laying and collection of taxes on incomes; and under such limitation, stock distributed to a shareholder cannot be subjected to income tax unless it is in fact income. Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570. Income within the meaning of the provision is gain derived from capital, from labor, or from both combined, Eisner v. Macomber, supra; it is the fruitage of either or both. United States v. Safety Car Heating Co., 297 U.S. 88, 56 S.Ct. 353, 80 L.Ed. 500.

■ A stock dividend in which a corporation having a surplus or accumulated profits and only one kind of stock issues and distributes pro rata among its stockholders new or additional shares does not constitute accrued gain taxable to the shareholders because in such a transaction the corporation merely restates in different form its liability to its stockholders; the proportional interest of each shareholder remains the same; the increased number of shares of each shareholder evidences the same proportionate interest; and the shareholders are no richer and the corporation is no poorer than they were. Towne v. Eisner, 245 U.S. 418, 38 S.Ct. 158, 62 L.Ed. 372, L.R.A.1918D, 254; Eisner v. Macomber, supra.

■ But here the Torpedo Company did not distribute its own stock to its shareholders; instead, it distributed stock issued by the Bomb Company and by the Bleecker Company; the three corporations were separate and distinct entities; prior to the transaction in question none owned any shares of stock issued by either of the other two; and their affiliation was only by contract. The Torpedo Company purchased the stock from the other two companies with cash. The cash used in making the purchases was a part of its assets, and when the stock was acquired in that manner it became a treasury asset of the Torpedo Company, subject to its liabilities. And while it was a part of the assets of that company petitioner had in it only the derivative and unseparated interest of a stockholder of the Torpedo Company. But when the distribution was made he received an asset segregated and severed from his capital interest in the company. He drew that asset to himself, and it was then subject to his individual use and benefit, quite apart from that of the corporation, its other shareholders, or its creditors. He thus received and became vested with something different and distinct in character and kind from that which his former stockholdings represented, even though there was no alteration of his pre-existing proportionate interest in the Torpedo Company or the three corporations. The dividend in stock constituted a distribution in specie of a portion of the assets of the Torpedo Company. Petitioner realized taxable gain. Peabody v. Eisner, 247 U.S. 347, 38 S.Ct. 546, 62 L.Ed. 1152; United States v. Phellis, 257 U.S. 156, 42 S.Ct. 63, 66 L.Ed. 180; Rockefeller v. United States, 257 U.S. 176, 42 S.Ct. 68, 66 L.Ed. 186; Cullinan v. Walker, 262 U.S. 134, 43 S.Ct. 495, 67 L.Ed. 906.

The order of the Board is affirmed.