Jefferson R. GENTRY

v.

UNITED STATES.

No. 450-57.

United States Court of Claims.

Nov. 2, 1960.

Carl F. Bauersfeld, Washington, D. C., for plaintiff. Robert Ash, Charles H. Burton and Ash, Bauersfeld & Burton, Washington, D. C., on the brief.

Robert Livingston, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland and Myron C. Baum, Washington, D. C., on the brief.

MADDEN, Judge.

The plaintiff, in his income tax return for the year 1951, took a deduction of $4,011.98 from his income. The Commissioner of Internal Revenue disallowed the deduction and required the plaintiff to pay the additional amount of tax resulting from the disallowance. The plaintiff filed a claim for refund, which claim was denied. He brings this suit for the recovery of the additional taxes.

The plaintiff owned a house in Florida. He married a wife in 1939 and lived with her in the house until 1945. In that year a daughter was born to the couple. Later in that year the appropriate Florida court entered a final decree of legal separation of the spouses, in an action for separate maintenance brought by the wife. Pursuant to the decree, and to a subsequent order of the court, the plaintiff was required to make and did make, in the year 1951, repairs and improvements of the house for which he paid the $4,011.98 referred to above.

The applicable provisions of the Internal Revenue Code of 1939 are the following:

"*Sec. 22. Gross Income*—

\* \* \* \* \* \*

"(k) [as added by Section 120(a) of the Revenue Act of 1942, c. 619, 56 Stat. 798] *Alimony, etc., Income.* —In the case of a wife who is divorced or legally separated from her husband under a decree of divorce. or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instru-

ment incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. \* \* \*"

(26 U.S.C. (1952 ed.), Sec. 22.)

"*Sec. 23. Deductions From Gross Income.*

"In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*

"(u) [as added by Section 120(b) of the Revenue Act of 1942, supra]. *Alimony, etc., Payments.*—In the case of a husband described in section 22(k), amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22(k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection."

(26 U.S.C. (1952 ed.), Sec. 23.)

"*Sec. 24. Items Not Deductible*—

"(a) *General Rule.*—In computing net income no deduction shall in any case be allowed in respect of—

"(1) Personal, living, or family expenses \* \* \*;

"(2) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate; \* \* \*."

(26 U.S.C. (1952 ed.), Sec. 24.)

The husband may not, under section 23(u), deduct from his income payments to the wife, unless the payments are taxable income to the wife under section 22 (k). The question is, then, whether the $4,011.98 was taxable income to the wife.

The house was a modest one. The plaintiff bought it for $2,300 in 1937. From that time until the end of 1947 the plaintiff had spent only $1,700 on its

maintenance. In the years 1948, 1949, and 1950, while his wife was occupying it and he was maintaining it pursuant to the court's decree, he spent, respectively $159.53, $769.30 and $117.50 for such maintenance. The stipulation of the parties says that he showed those expenditures on his income tax returns for those years. That must have been for the purpose of taking deductions for the expenditures, and, so far as appears, those deductions were not disallowed.

The large expenditure in 1951 was for replacement of uprights, ceiling fixtures and venetian blinds; installation of additional electrical outlets; replastering and painting walls and ceilings; sanding and varnishing of floors; and repainting the exterior of the house. Most of these items would be items which, if performed in a house which a taxpayer owned and leased to a tenant, would not be deductible as current expenses. They would have to be capitalized, and any tax benefit from them would have to await the sale of the house by the landlord. The Government could not tax, as 1951 income to the wife, expenditures for such purposes and in such amounts, made by the plaintiff in the improvement of his own house.

The legal separation of the spouses, decreed in 1945, culminated in a final decree of divorce entered in 1952. That decree required the plaintiff to convey the house to the wife. In 1956 the wife sold the house for $11,500. We regard these later events as irrelevant to our instant problem, except that the sale price of the house confirms our view that the expenditure of $4,011.98 in 1951 must have been largely for capital improvements.

Since the plaintiff's wife was not taxable on the sum in question under section 22(k), the plaintiff's situation does not meet the requirement of section 23(u). The plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and DURFEE and LARAMORE, Judges, concur.

WHITAKER, Judge, took no part in the consideration and decision of this case.