**William L. RICHARDS, Jr. and Frances M. Richards, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 17244.**

United States Court of Appeals
Sixth Circuit.

Aug. 17, 1967.

William L. Richards, Jr., in pro. per.

J. Nicholas McGrath, Atty., Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Gilbert E. Andrews, Anthony Zell Roisman, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before CELEBREZZE, PECK and Mc-CREE, Circuit Judges.

### ORDER.

The facts of this case were stipulated to the Tax Court, from which this appeal was perfected, and are not in issue. They establish that in petitioner-appellant's * Federal income tax return for 1962 he claimed a deduction for the entire amount of payments made during the taxable year on account of a mortgage executed by him and his former wife. They then owned the subject property jointly, but under the terms of a separation agreement entered into in 1958, when they were divorced, appellant conveyed his one-half interest in the property to their four children.

The respondent-appellee disallowed one-half of the amount of the mortgage payments claimed by appellant as an alimony deduction and the Tax Court confirmed that determination. 26 U.S.C. § 215(a) permits as a deduction in the return of a taxpayer paying alimony amounts includable "in the gross income of his [former] wife," and therefore the dispositive issue in this case is whether the one-half of the mortgage payments disallowed by appellee constituted taxable income to appellant's former wife.

As above indicated, there is no issue concerning the deductibility of one-half of the mortgage payments; that one-half increased the value of the former wife's equity in the property and constituted income to her. Conversely, the remaining one-half increased only the value of the equity of the four children, and not only did not in any way increase the value of the former wife's holdings but also did not constitute taxable income to her. The disallowance by the appellee and the conclusion of the Tax Court properly reflect the applicable law. See Kiesling v. United States, 349 F.2d 110 (3d Cir. 1965); Seligmann v. Commissioner of Internal Revenue, 207 F.2d 489

---

* Petitioners-appellants filed a joint return for the year in question, a remarriage having occurred. Since, however, we are here concerned only with the deduction claimed by the husband the term "appellant" will be hereinafter used.

(7th Cir. 1953); Neely B. Taylor, Jr., 45 T.C. 120; and James Parks Bradley, 30 T.C. 701.

Affirmed.