ALEXANDER E. BAKER, JR., AND MARY A. BAKER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7439–76.    Filed June 15, 1978.

Alexander E. Baker, Jr., pro se.
*John Wendell Paul,* for the respondent.

FORRESTER, *Judge:* Respondent has determined a deficiency in petitioners' Federal income tax for the taxable year 1973 in the amount of $849.65. Concessions having been made, the only issue remaining for our decision is whether petitioner Alexander E.

Baker may exclude, in excess of the specific maximum statutory exclusion under section 112(b),[1] the amount received for accrued leave upon separation from the military.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioners Alexander E. Baker, Jr., and Mary A. Baker resided in Overland Park, Kans., at the time they filed the petition herein. Petitioners filed a joint Federal income tax return for 1973 with the Internal Revenue Service Center, Austin, Tex.

Petitioner Alexander E. Baker (petitioner) was a commissioned officer in the United States Air Force during his tour of active duty. He served in a combat zone from August 6, 1963, to August 6, 1964, and from April 29, 1972, to February 7, 1973. During these periods petitioner excluded the maximum monthly statutory amounts from his base pay.

While on active duty petitioner earned annual leave at the rate of 2½ days per month. This resulted in petitioner's accruing 54½ days of unused annual leave comprised of 30½ days from August 6, 1963, to August 6, 1964, and 24 days from April 29, 1972, to February 7, 1973.

Petitioner was limited to a maximum carryover of 60 days annual leave from one year to another at the end of a calendar year. Thus, unless petitioner served in a combat zone he lost any unused accrued leave that exceeded 60 days.

On May 31, 1973, petitioner retired from the service. Upon retirement he was paid $3,251.40 for 60 days of unused accrued leave. On his 1973 return petitioner excluded $2,952.57 or 90.80 percent of the unused accrued leave payment based upon 54½ days of accrued annual leave. Respondent denied the exclusion of this amount from petitioner's gross income.

## OPINION

Respondent argues that petitioner has exhausted the maximum monthly exclusion permitted under section 112(b), thereby precluding any further exclusions from gross income. Section 112[2] provides that certain compensation received by members of

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.
[2] SEC. 112. CERTAIN COMBAT PAY OF MEMBERS OF THE ARMED FORCES.
(a) ENLISTED PERSONNEL.—Gross income does not include compensation received for active service

the Armed Forces while serving in combat zones or who are hospitalized as a result of injuries received in such zones shall not be included in gross income.

Enlisted personnel (below the grade of commissioned officer) may exclude all compensation received while in a combat zone. Commissioned officers, on the other hand, need not include compensation up to a maximum of $500 per month for active service as a commissioned officer in the Armed Forces provided they actively served in a combat zone or were hospitalized as a result of injuries received in such zone. Therefore, a commissioned officer is limited to a maximum exclusion of $500 per month from compensation received.

The parties stipulated that petitioner met the requirements of section 112(b) and received the benefits therein during the periods of combat service. However, petitioner contends that he is entitled to exclude, in excess of the maximum monthly amounts for his periods of combat service, all compensation received for unused accrued leave while serving in a combat zone. We disagree.

In the instant case, the only relevant statutory authority permitting the exclusion of payments for unused accrued leave is section 112. Petitioner has the burden of proving that he is entitled to exclude such amounts from gross income for 1973. Rule 142(a), Tax Court Rules of Practice and Procedure.

Since petitioner was a commissioned officer the unlimited gross income exclusion for enlisted personnel under section 112(a) does not apply. As a commissioned officer petitioner has already been granted the maximum benefit of section 112(b). Cf.

---

as a member below the grade of commissioned officer in the Armed Forces of the United States for any month during any part of which such member—

(1) served in a combat zone, or

(2) was hospitalized as a result of wounds, disease, or injury incurred while serving in a combat zone; but this paragraph shall not apply for any month beginning more than 2 years after the date of the termination of combatant activities in such zone.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) COMMISSIONED OFFICERS.—Gross income does not include so much of the compensation as does not exceed $500 received for active service as a commissioned officer in the Armed Forces of the United States for any month during any part of which such officer—

(1) served in a combat zone, or

(2) was hospitalized as a result of wounds, disease, or injury incurred while serving in a combat zone; but this paragraph shall not apply for any month beginning more than 2 years after the date of the termination of combatant activities in such zone.

*Land v. Commissioner*, 61 T.C. 675, 679–681 (1974). He received the total limited exclusion of $500 per month from his regular combat pay for each month during part of which he served in the combat zone. Compensation received by petitioner in excess of this statutory amount is not excludable from gross income under section 112(b). Therefore, the amount received as payment for unused accrued leave incurred while in a combat zone is fully includable in gross income pursuant to section 61.[3]

Petitioner also contends that a commissioned officer should have the same right as an enlisted person to exclude from gross income all accrued leave earned while in a combat zone. Section 112 notwithstanding, petitioner supports this contention by arguing the he was denied the exclusion of accrued leave under Rev. Rul. 73–187, 1973–1 C.B. 51.[4] This ruling holds that accrued leave payments, attributable to active service in a combat zone, paid to members of the Armed Forces at the time of their discharge from the military are excludable from gross income *subject to* the limitations of section 112.

In addition, Rev. Rul. 73–187, *supra*, further prescribes that in the case of a commissioned officer payments for accrued leave while in a combat zone are excludable from his gross income to the extent that the limited exclusion provided by section 112(b) has not been previously exhausted by exclusions from income under that section. The petitioner attacked the validity of this ruling at trial. His attack focused on the tax treatment accorded an enlisted person versus a commissioned officer where each had earned accrued leave while in a combat zone but received payment for such leave after discharge from the service.

According to the petitioner, Rev. Rul. 73–187, *supra*, is based upon fallacious reasoning. He asserts that it permits enlisted personnel the full exclusion of accrued leave pay while it limits commissioned officers to the statutory maximum exclusion of $500 per month. At the trial petitioner opined that, statutory limitations notwithstanding, all accrued leave earned within a

---

[3]We do not reach the question raised in respondent's brief of whether petitioner met his burden of proof in showing that all of the leave claimed for combat service was, in fact, earned in a combat zone because the amount at issue is fully includable in petitioner's gross income.

[4]This revenue ruling merely amplified Rev. Rul. 71–343, 1971–2 C.B. 92, on the question of accrued leave payments. In that ruling the Service took the position that certain forms of compensation, including accrued leave payments, received by members of the Armed Forces for active service in a combat zone were excludable from gross income pursuant to sec. 112.

combat zone by commissioned officers should be fully excludable from gross income.

After careful consideration of a variety of factors, the most crucial of which being the precise language contained in section 112(b), we have concluded that the result reached by respondent in Rev. Rul. 73–187, *supra,* is correct. To determine otherwise would threaten the very fabric of section 112.

Rev. Rul. 73–187, *supra,* merely restates and applies the statutory prescription for enlisted personnel and commissioned officers. We think that a close reading of the statutory language of section 112(b) leads to an inescapable conclusion. That is, once having exhausted the maximum monthly amount of $500, any additional payments for such month of combat service, whether for accrued leave or some other form of compensation, must be fully includable in the commissioned officer's gross income. See also Rev. Rul. 55–249, 1955–1 C.B. 218.

Not only is the statutory language clear but the legislative history underlying section 112 does not support petitioner in his argument that Congress intended to grant commissioned officers a parity with enlisted personnel for compensation received as accrued leave payments. See, e.g., H. Rept. 1337, 83d Cong., 2d Sess. 16, A36 (1954); S. Rept. 1622, 83d Cong., 2d Sess. 17, 187 (1954). In the absence of any committee report or debate over section 112 to the contrary, a valid supposition for its enactment is that the unlimited gross income exclusion permitted enlisted personnel was to balance, in some way, the numerous privileges conferred upon commissioned officers. See, e.g., Armed Forces Act, 10 U.S.C. secs. 8011 et seq., p. 9774.

In addition, it appears that section 112 reflects the desire of Congress to bestow a greater tax benefit to enlisted personnel whose incomes are smaller and a smaller benefit to commissioned officers whose incomes are greater. *Bruinooge v. United States,* 550 F.2d 624, 628 (Ct. Cl. 1977). Although the precise question in the instant case has never been before this Court, other courts have determined that section 112 draws a constitutionally valid distinction between enlisted personnel and commissioned officers and we agree. See *Bruinooge v. United States, supra.*

For all of the above reasons, we have no difficulty in holding that amounts received by a commissioned officer upon discharge from the service for leave accrued during months of active

combat service are fully includable in gross income to the extent that such amounts exceed the statutory exclusion provided by section 112(b). Our holding is based upon our interpretation of section 112(b) and not upon respondent's ruling; furthermore, we think a fair reading of that section would have alerted petitioner to the fact that the benefits accorded therein are inapplicable to his situation.

*Decision will be entered under Rule 155.*