VIRGIL MAX DAVIS and MARGARET P. DAVIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Davis v. Commissioner
Docket No. 11949-78.
United States Tax Court
T.C. Memo 1979-478; 1979 Tax Ct. Memo LEXIS 42; 39 T.C.M. (CCH) 609; T.C.M. (RIA) 79478; December 3, 1979, Filed Virgil Max Davis, pro se. Marguerite Gramza, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency of $2,663.91 in petitioners' income tax for the calendar year 1976. The issuse submitted for our decision are an follows: (1) Whether petitioners' receipt of a lump sum payment of $12,646.32 for accumulated *43 leave is taxable as capital gain or ordinary income, and (2) Whether the issuance of the notice of deficiency was timely. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Virgil Max Davis and Margaret P. Davis filed a joint Federal income tax return for 1976 with the Director of the Richmond District of the Internal Revenue Service. At the time of the filing of the petition in this case, petitioners resided in Alexandria, Virginia. Virgil Max Davis (hereinafter referred to as petitioner) retired from his civilian position with the Department of the Army in December, 1975 on disability. As an employee of the Department of the Army, petitioner was an employee of the Federal Government, and was covered by the United States Civil Service Retirement system. During his employment, petitioner accrued annual leave. Upon retirement from his job, petitioner received a lump sum payment of $12,646.32 for his accumulated leave from prior years. When petitioner received this lump sum payment in January of 1976, $2,529.26 was withheld as tax. On July 11, 1977, petitioner made *44 a voluntary prepayment of the remainder of the estimated tax applicable to the lump sum payment received. On his 1976 income tax return, petitioner reported this lump sum payment as a longterm capital gain. Respondent disallowed this treatment of the lump sum payment, and treated it as ordinary income. On May 5, 1978, petitioner notified the Richmond, VirginiaDistrict Director's Office that he wished to petition the Court. The notice of deficiency was mailed to petitioner on August 9, 1978, which is 96 days after petitioner notified the District Director of his intention to petition. On July 5, 1978, petitioner delivered a letter to the Richmond, VirginiaDistrict Director's Office requesting relief by default because 60 days had expired from the May 5th notification of intention to petition. OPINION Upon retirement from the Department of the Army, petitioner received a lump sum payment of $12,646.32 for accrued annual leave. The issue before us is whether the payment should be treated as capital gain or ordinary income. In addition, there is a question as to whether the notice of deficiency was timely. Petitioner asserts that this payment is "property held by the *45 taxpayer" under section 1221, [1] which broadly defines the term "capital asset" as property held by the taxpayer, subject to certain exceptions. Petitioner maintains that since the payment is not within the six exceptions of the definition of capital asset, he is entitled to treat it as capital gain. Respondent contends that the payment should be treated as ordinary income under section 61. [2] We agree with respondent. Section 61(a) of the Internal Revenue Code states *46 that gross income means all income from whatever source derived including, but not limited to, compensation for services. The statutory authorization which allows a Federal employee to receive a lump sum payment for accrued annual leave clearly provides that for taxation purposes, such payment shall be treated as compensation. See 5 U.S.C. section 5551 (1966). Several cases before this Court have treated a lump sum payment for accrued annual leave as includable in gross income. See Baker v. Commissioner,70 T.C. 460 (1978); Donahoe v. Commissioner,22 T.C. 1276 (1954). Clearly, annual leave is part of the compensation of an employee. The fact that one may choose the forego taking a vacation every year and instead elect to accept a lump sum payment for the accrued time upon separation from his job does not transform compensation into a capital asset. Whether the compensation is paid while the employee is on periodic vacations during his working years or as a lump sum on retirement, the payments are equivalent to salary. Petitioner points to the deceptively sweeping definition of "capital asset" in section 1221.However, *47 the United States Supreme Court has held that the definition of a "capital asset" must be narrowly applied and the exclusions interpreted broadly. See Corn Products Refining Co. v. Commissioner, 350 U.S. 46 (1955). The lump sum payment of accrued annual leave represents compensation to petitioner, taxable as ordinary income. Petitioner also asserts that the deficiency notice was not timely. He argues that since he notified the Internal Revenue Service Office in Richmond of his intention to petition the Court on May 5, 1978, respondent ought to have issued the notice of deficiency within 90 days of that date. However, petitioner disregards the time limitations provided for by Congress in section 6501 for the assessment of taxes by the Federal Government. Under section 6501, the income taxes due from petitioner for the year 1976 may be assessed within 3 years after the return is filed. Since the return was filed in June of 1977, and the deficiency notice was sent in August of 1978, respondent is well within the time limitations prescribed by Congress. Therefore, the notice of deficiency way timely. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue. Sec. 1221 provides in pertinent part: SEC. 1221. CAPITAL ASSET DEFINED. For purposes of this subtitle, the term "capital asset" means property held by the taxpayer (whether or not connected with his trade or business) * * *. ↩
2. Sec. 61 provides in pertinent part: SEC. 61. GROSS INCOME DEFINED. (a) GENERAL DEFINITION.--Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items * * *.↩