PETER A. BEAUGARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; EILEEN M. BEAUGARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beaugard v. Commissioner
Docket Nos. 4661-78, 4739-78.
United States Tax Court
T.C. Memo 1980-311; 1980 Tax Ct. Memo LEXIS 269; 40 T.C.M. (CCH) 962; T.C.M. (RIA) 80311; August 13, 1980, Filed John William Lyttle, Jr., for the petitioner in docket No. 4739-78. Francis J. Strapp, Jr., for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined the following deficiencies and additions to tax in petitioners' Federal income taxes for 1972: Addition [1]
Petitioner
Deficiency
Sec. 6651(a)
Eileen M. Beaugard
$3,841.21
0
Peter A. Beaugard
5,775.08
$1,443.77
These cases have been consolidated for purposes of trial, briefing, and opinion. The principal issue in each case involves the amount of alimony Eileen Beaugard must include in her income under section 71 and Peter Beaugard may deduct under section *271 215. We also decide whether Peter Beaugard's return for 1972 was filed late without reasonable cause. Most of the facts were stipulated by all of the parties and are so found. Supplemental stipulations entered into by respondent and each individual petitioner were also filed, but these are not binding on the nonfiling party. Rule 91(e), Tax Court Rules of Practice and Procedure.
At the time she filed her petition herein, petitioner Eileen Beaugard (hereinafter "Eileen") resided in Brielle, N.J. When his petition was filed, petitioner Peter Beaugard (hereinafter "Peter") resided in Teaneck, N.J. Eileen and Peter were married in 1943 and were divorced in January 1974. The record makes no reference to minor children. The tax year in issue is 1972. Prior to October 1972, no written separation agreement or court decree of divorce, separate maintenance, or support was in effect between petitioners. Peter claims that during 1972 he and Eileen orally agreed that he would provide her with support and maintenance, but Eileen denies this. No writing in the record evidences such an oral agreement. On October 17, 1972, the Superior Court of New Jersey, Chancery Division, Bergen *272 County, issued an order directing Peter to pay Eileen temporary alimony, retroactive to September 8, 1972. Under the order, Peter was to pay Eileen $100 per week plus all maintenance charges on petitioners' home at 586 Teaneck Road, Teaneck, N.J., which the couple owned as tenants by the entirety. Maintenance charges were defined in the order as "[consisting] of the mortgage, including principal and interest, taxes, insurance, telephone, all utilities, and all gardening." Peter was also ordered to pay Eileen's medical and dental expenses and counsel's fees. The record contains 133 checks (photocopies) totaling $26,018.60 which were drafted by Peter during 1972 and which he alleges support his claimed alimony deduction. The following checks were paid to or on behalf of Eileen pursuant to the court order of October 17, 1972: Check No.
Payee
Date
Amount
342
Eileen M. Beaugard
10/29/72
$500.00
356
Eileen M. Beaugard
11/10/72
300.00
371
Eileen M. Beaugard
12/03/72
400.00
318
Public Service Gas
10/25/72
19.86
& Electric [2]
340
[PSG & E]
10/25/72
28.20
386
[PSG & E]
12/10/72
84.65
349
Northern Valley-Englewood
11/01/72
479.97
Savings
& Loan
357
[NV-ES & L]
11/15/72
37.69
368
[NV-ES & L]
12/01/72
464.00
*273 Of the mortgage payments on the Teaneck residence made to Northern Valley-Englewood Savings & Loan, $134.85 was applied toward principal, and the balance toward interest and taxes (escrow). The following payments may have been made on Eileen's behalf pursuant to the court order of temporary alimony: Check No.
Payee
Date
Amount
328
Point Pleasant
10/25/72
$21.23
Pharmacy
317
Alvin Pharmacy
10/25/72
23.60
383
Alvin Pharmacy
12/10/72
158.25
307
New Jersey Bell
10/20/72
68.68
321
New Jersey Bell
10/25/72
30.97
358
New Jersey Bell
11/15/72
65.35
324
Walter Jordan
10/25/72
210.00
325
Fred Strubel
10/25/72
7.50
316
Hackensack Water
10/25/72
14.16
Co.
All of the other payments in the record either predated October 17, 1972, or were unrelated to the Superior Court decree. On her individual income tax return for 1972 (married filing separately), *274 Eileen included no amounts as taxable alimony. On his return for 1972 (also married filing separately), Peter deducted $13,555.06 as alimony payments to Eileen. On other schedules attached to his return, Peter deducted all of the interest and all of the taxes paid on the Teaneck residence. Peter received two extensions of time within which to file his 1972 return, the latest of which expired on October 15, 1973. Peter filed his 1972 return on May 17, 1974. In his statutory notice, respondent increased Eileen's taxable income by $13,555, as alimony. In his statutory notice to Peter, respondent disallowed $11,462 of alimony deductions. By amended answer, respondent alleged that Peter was entitled to no deduction for alimony and now asks us to disallow an additional $2,093.06, the balance of Peter's alimony deduction. Respondent bears the burden of proof with respect to this additional amount. Rule 142(a), Tax Court Rules of Practice and Procedure.
The principal issue is whether payments made by Peter in 1972 are deductible by him under section 215 and includable by Eileen under section 71. The applicable law is clear. Under section 215(a), Peter may deduct as alimony amounts *275 which Eileen must include in her income under section 71. E.g., Gentry v. United States,151 Ct. Cl. 386, 283 F.2d 702 (1960). Under section 71(a)(3), [3] Eileen must include in her income amounts she received pursuant to a court decree of support or separate maintenance. Eileen argues that she must include only $1,100 as taxable alimony. Her position is based upon her separate stipulation with respondent in which she admitted receiving eleven $100 payments pursuant to the October 17, 1972, order awarding her temporary alimony. It is true that after October 17th, eleven weeks remain in the year. However, in the joint stipulation Eileen admitted receiving three checks from Peter after October 17, 1972, totaling *276 $1,200. Because section 71(a) speaks of "payments * * * received," alimony is generally taxed to the recipient on a cash basis. Mavity v. Commissioner,341 F.2d 865 (2d Cir. 1965). See also Reighley v. Commissioner,17 T.C. 344 (1951). We do not understand Eileen to be contending she received $2,300 from Peter in the last 2-1/2 months of 1972, and we shall therefore disregard as inconsistent her separate stipulation of having received eleven $100 payments. See Azevedo v. Commissioner,246 F.2d 196 (9th Cir. 1957), affg. a Memorandum Opinion of this Court. Since the execution of the stipulations, Peter has neither appeared before the Court nor filed briefs. From the stipulation, it is apparent Peter's claimed deductions were based on an alleged oral agreement. However, it is well settled, and the statute is clear, that payments pursuant to an oral agreement alone do not constitute "alimony" for tax purposes. Herring v. Commissioner,66 T.C. 308, 311 (1976). In addition, notwithstanding the retroactivity of the decree entered October 17, 1972, payments made prior to the date of the decree do not qualify for tax *277 purposes. Van Vlaanderen v. Commissioner,175 F.2d 389 (3d Cir. 1949), affg. 10 T.C. 706 (1948); Taylor v. Commissioner,55 T.C. 1134 (1971). By issuing inconsistent notices of deficiency, respondent has taken the role of a stakeholder, so that we may arrive at a figure consistent for both petitioners. Thus, our task is the purely factual one of deciding which of the payments stipulated to have been made by Peter during 1972 constitute "alimony" pursuant to section 71(a)(3) and the October 17, 1972, order of the Superior Court of New Jersey, Bergen County, Chancery Division. Where particular payments may or may not have been required by the decree, such doubt must be resolved against Eileen in her case and against respondent in Peter's case (with respect to amounts up to $2,093) for failure to carry the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure.
Our findings, based on the stipulation, are set forth above. Eileen must include, and Peter may deduct, temporary alimony payments of $1,200 and utility payments in the amount of $132.71. In addition, based on Eileen's and respondent's respective failures *278 to carry their burden of proof, Eileen must include and Peter may deduct other payments totaling $599.74. Of the mortgage payments on the Teaneck residence made pursuant to the court decree, we need consider only the payments of principal. Eileen's inclusion of interest or taxes paid on her behalf would only result in an offsetting deduction to her. [4] Since Peter has already been allowed deductions for these interest and tax payments, he is entitled to no further deduction [5] under the guise of alimony. Of the payments of principal, one-half were in satisfaction of obligations of Eileen and therefore are includable in her income and deductible by Peter. See Richards v. Commissioner,382 F.2d 538 (6th Cir. 1967), affg. a Memorandum Opinion of this Court. *279 Turning to the question of Peter's liability for the late filing penalty under section 6651(a), we find that Peter, having presented no evidence on this issue, has failed to carry his burden of proof. Accordingly, we sustain respondent's determination of the delinquency penalty. Neubecker v. Commissioner,65 T.C. 577, 586 (1975). To reflect the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. From the amounts and dates of the payments, we have inferred that checks to Public Service Gas & Electric were for the Teaneck residence, while other utility payments, to New Jersey Central Power and Light, were for the couple's vacation residence at Ocean City, N.J.↩
3. SEC. 71(a)(3) Decree for support.--If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.↩
4. See generally Rev. Rul. 72-79, 1972-1 C.B. 51↩. 5. We recognize, however, that for tax years after 1976 the situation would not be a simple wash. Alimony is now taken into account in determining adjusted gross income rather than taxable income, sec. 62(13) (as added by Tax Reform Act of 1976, Sec. 502(a), 90 Stat. 1520, 1559). Thus, its inclusion or deduction will now affect the percentage limits involved in, e.g., the charitable deduction, sec. 170(b), and the medical expense deduction, sec. 213(a) and (b).↩