HARRY B. HURD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HUGO PAM, JOSEPH E. OTIS, AND HARRY B. HURD, EXECUTORS, ESTATE OF MAX PAM, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 3932, 3933. Promulgated June 5, 1928.

*Lincoln R. Clark, Esq.,* for the petitioners.
*Thomas P. Dudley, Jr., Esq.,* and *Harold D. Thomas, Esq.,* for the respondent.

OPINION.

Love: These proceedings present two questions for consideration, namely: (1) whether the certificates delivered to and received by the partners, Pam and Hurd, in December, 1918, constituted income for the year 1918, and (2) the cash value of the certificates at the time received, if they represented income for the year 1918.

There is no question with respect to the fact that the certificates were physically delivered to and received (in the sense that they came through the mails to the office) by the partnership in December, 1918. The petitioners, however, take the position that the certificates were not " received " in the year 1918 as provided by section 213 (a) of the Revenue Act of 1918, which in part provides:

* * * The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under subdivision (b) of section 212, any such amounts are to be properly accounted for as of a different period; * * *

In support of this position, it is contended that although the certificates were mailed to the partners, taken from the mails and reduced to possession or custody, there was no assent on the part of Pam, on behalf of the partnership, to accept delivery thereof. In this respect, it is urged that, inasmuch as Pam informed his secretary that he objected to the certificates on account of the interest or dividend rate thereon, he was merely exercising his prerogative as a lawyer to determine whether he would receive the compensation tendered him for professional services; that Pam alone had the right to make up his mind as to whether he should accept the certificates. Consequently, it is further urged that having continued negotiations concerning the interest or dividend rate on the certificates until February, 1919, he did not accept them until the year 1919 and that under such circumstances it can only be said that he received the certificates in the year 1919. We are unable to agree with petitioners in this respect.

As far as the record discloses, Pam and Hurd entered into an agreement with the firm of Colby and Brown to render certain services for which they were to receive one-half of the fees obtained. On December 18, 1918, Bainbridge Colby tendered to Pam at the office of Pam and Hurd in New York City what purported to be the compensation agreed upon, at least there is nothing in the record which indicates that the certificates did not constitute one-half of the fee received by Colby and Brown. Clearly, therefore, as far as we are informed, Colby and Brown performed their obligation under the agreement upon the tender to Pam and Hurd of one-half of the fees, as theretofore agreed. Does the fact, then, that Pam objected to the certificates and withheld acceptance until February, 1919, constitute sufficient ground for holding that the certificates were not received, as provided in section 213 (a) of the 1918 Act, *supra*, until some time in the year 1919 instead of December 18, 1918, the time when they were tendered. We think not.

It is undoubtedly true, as petitioners urge, that to constitute an acceptance there must be an act of the will in addition to mere physical receipt. As far as the record discloses, the five certificates in

question constituted one-half of the compensation received by the firm of Colby and Brown. Therefore, we believe that, under such circumstances, acceptance, that is the mental as well as the physical act, is immaterial under the provision of the pertinent revenue act. The certificates, pursuant to contract, were unqualifiedly placed at the disposal of Pam and Hurd on December 18, 1918, and as far as the record shows, constituted the agreed compensation. We must, therefore, hold that the cash value of the certificates on December 18, 1918, constituted income for the year 1918, for to hold otherwise would permit the shifting of income over a year or period of years by the simple expedient of withholding volition to accept that which has been properly tendered pursuant to a prior agreement.

We come, therefore, to the question as to the value of the certificates at the time received by the partnership, namely, December 18, 1918. The Commissioner, in restoring the certificates to the partnership income for 1918, determined that their cash value was equal to the face value, $50,000. Consequently, the burden is on the petitioners to prove that the Commissioner's determination as to the value of the certificates is erroneous.

There was no evidence adduced which shows, or tends to show, that the Commissioner erred in determining that the cash value of the certificates was equal to their face value of $50,000. Accordingly, his action in this respect is approved.

*Judgment will be entered for the respondent in both proceedings.*