NANALINE H. DUKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17254. Promulgated November 29, 1929.

*H. H. Shelton, Esq.*, for the petitioner.
*O. J. Tall, Esq.*, for the respondent.

OPINION.

Van Fossan: In the stipulation of facts the respondent concedes that the sum of $21,659.67 represents the tax paid to the British Government on dividends received by the petitioner from a British corporation and is, therefore, allowable as a credit for foreign taxes paid. The sole issue remaining for our consideration, therefore, is whether or not petitioner suffered a loss by reason of the sale of 378 shares of common stock of P. Lorillard Co. in 1920.

The disintegration of the combination headed by the American Tobacco Co. was accomplished by a complicated program of distribution of plants and equipment, securities and other tangible and intangible assets and of the assumption of liabilities in various forms. In furtherance of the plan the decree of the Circuit Court of Appeals provided, among other things, that the common stock of P. Lorillard Co. would be sold at par for cash to the common stockholders of the American Tobacco Co. in proportion to their holdings. Pursuant to that provision the petitioner, a stockholder in the American Tobacco Co., in 1912 subscribed for and purchased 378 shares of the common stock of the P. Lorillard Co. and paid $37,800 in cash therefor.

Owing to the fact that under the said decree P. Lorillard Co. was capitalized to return to its stockholders 11.02 per cent on the capital invested, based on the 1910 earnings of the American Tobacco Co., the securities became an attractive investment and the rights to purchase the stock of the new corporation were traded in on the market at $80 on the date on which petitioner purchased her 378 shares. Thus, had she chosen to sell her rights instead of exercising them, she might have received $30,280 therefor. She elected, however, to purchase the stock at par in accordance with the terms of the decree.

In this situation petitioner contends that the actual cost to her of the stock so purchased was $180 per share, or the value of the right plus the cash paid for the stock.

The right to purchase stock in the newly organized P. Lorillard Co. granted to shareholders in the American Tobacco Co. was in the nature of a dividend which, had it occurred in a taxable year, would have been taxable. *Edwin P. Metcalf*, 13 B. T. A. 236. That these rights were valuable appears from the quoted market price of $80. Looking at the transaction broadly, the consideration paid for the stock was $100 cash plus the surrender or exercise of a right. By such surrender of one of these rights and the payment of $100 petitioner acquired property (a share of stock) worth $180 on the market. The purchase of a share of stock by one not possessing a right could have been accomplished only by paying $180 on the open market. Therefore, when petitioner exercised the right previously issued her, she merely converted property worth $80 into another form. It follows that the cost to petitioner of the stock in P. Lorillard Co. was $100 in cash plus the surrender of a right worth $80, or a total cost of $180.

In the *Metcalf* case, *supra*, we observed, " the subsequent sale or other disposition of the property received by way of a dividend would give rise to gain or loss, dependent on the amount received

therefor." In that case, as in this, stock rights were issued to purchase stock in a separate company, not the one in which the petitioner already held stock.

The Circuit Court of Appeals, in affirming the decision of the Board in the *Metcalf* case (32 Fed. (2d) 192), said: "No sound distinction can be drawn between a distribution of stock of another corporation and one of valuable rights to purchase such stock."

We are of the opinion that upon the sale in 1920 for $127 per share of stock which cost $180 per share in 1912, and which had a market value on March 1, 1913, of $188, petitioner suffered a deductible loss of $53 per share.

*Decision will be entered under Rule 50.*