Old Colony Trust Company and Charles K. Thurston, Administrators of the Estate of Charles J. Shugrue, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 38474, 41982. Promulgated April 3, 1931.

*Herbert P. Mason, Esq.*, and *Lafayette R. Chamberlin, Esq.*, for the petitioners.

*John E. Marshall, Esq.*, for the respondent.

OPINION.

SMITH: In these proceedings issue is raised as to the amount received by and taxable to the decedent in each of the years 1923 and 1924 as salary from the Crown Shade & Screen Company. The petitioners contend that the decedent is taxable in each year only upon the amounts of salary actually received without regard to the amounts voted to him by the company. The respondent takes the position that the total amounts of salary voted to the decedent in each of the years 1923 and 1924 were constructively received by him and are taxable to him in those years.

The test, as we understand it, in applying the rule of constructive receipt for the purpose of determining taxable income is whether the amount sought to be included in income was unconditionally at the disposal of and subject to the use of the taxpayer at some time within the taxable period. In *Northern Trust Co.*, 8 B. T. A. 685, we said:

Before it should be held that a taxpayer constructively received income in any taxable year when he did not, in fact, come into possession of the money or property, it should appear beyond question that the taxpayer, although at liberty, considering the financial requirements and needs of the corporation, to withdraw the amount due him, deliberately chose not to draw or receive the amount owing by the corporation. * * *

The facts show that this was not the situation in the instant proceedings. At the close of 1923 the company was not in funds with which to pay the decedent the accrued salary due him. At the close of 1924 the company was apparently in funds with which to pay the decedent the full amount of salary due him, but not in funds with which to pay the full amount of accrued salaries, and the evidence shows that the company's inventory at the close of the year was small and that the cash on hand was needed with which to purchase merchandise for the business of the ensuing year. The situation was similar to that which obtained in *Robert K. Wehner*, 21 B. T. A. 614, where we said:

* * * These petitioners were not in a position where they could demand and cause to be paid the full percentage amounts at their pleasure, or before the end of the year, and there is, therefore, no basis for saying that, although not actually, the amounts were constructively received. '

The decedent reported his income on the cash basis. We think that he was required under the circumstances of these proceedings to include in his income only the amounts of salary actually received in each of the taxable years from the corporation.

The remaining issue was raised at the hearing on motion of counsel for the respondent for such increase in the deficiency for 1923 as would result from including in decedent's income for that year the amount of $50,000, representing the par value of the shares of preferred stock of the Crown Shade & Screen Company issued to him on April 16, 1923.

Section 213 of the Revenue Act of 1921 provides in part:

That for the purposes of this title * * * the term "gross income"—

(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * *, of whatever kind and in whatever form paid, or * * * gains or profits and income derived from any source whatever. * * *

Article 33 of Regulations 62, promulgated under the provisions of the Revenue Act of 1921, provides in part:

* * * Compensation paid an employee of a corporation in its stock is to be treated as if the corporation sold the stock for its market value and paid the employee in cash. * * *

At the hearing of these proceedings Charles K. Thurston, treasurer of the Crown Shade & Screen Company, was asked:

Then in point of fact the issue of that preferred stock was in payment to Mr. Shugrue of this salary?

A. Yes, sir. It would have been the same as if we had given him a check for $50,000, and he had given us back the check.

The evidence of record shows that the Crown Shade & Screen Company was a remarkably prosperous concern. It earned a very large income upon a very nominal amount of capital stock. Practically all of the earnings were paid to the stockholder officers as salary. We have no question in the light of the evidence that the preferred stock was issued to the decedent in payment of $50,000 salary and received by him as such. The identical question before us in these proceedings was discussed at length in *Benedict Crowell*, 21 B. T. A. 849, where we held, with reference to section 213(a) of the Revenue Act of 1921, the same provision applicable in these proceedings, that shares of stock of a corporation received by a taxpayer as additional compensation for services rendered to the corporation constitute taxable income to the recipient to the extent of their fair market value at the time of receipt. See also *William J. Conlen*, 1 B. T. A. 472; *James R. Lister*, 3 B. T. A. 475; *Roscoe H. Aldrich*, 3 B. T. A. 911; and *Charles R. Johnson*, 8 B. T. A. 992. In the light of all the evidence before us we can not doubt that the preferred stock had a fair market value equal to $50,000 in 1923.

The motion of counsel for the respondent to increase the deficiency for 1923 is granted.

*Judgment will be entered under Rule 50.*