J. Kemp Bartlett, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Edgar Allen Poe, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Estate of L. B. Keene Claggett, T. West Claggett, J. Kemp Bartlett and Edgar Allen Poe, Executors, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 63629, 63630, 63632.   Promulgated June 6, 1933.

*J. Kemp Bartlett, Esq.*, and *Edgar Allen Poe, Esq.*, for the petitioners.

*T. M. Mather, Esq.*, and *R. H. Transue, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has determined that the fair market value of the stock of the Consolidated Instrument Co. of America

at the date received by the partnership is the amount to be included in computing partnership net income. The petitioners contend that its value at December 31, 1929, when it was distributed, is the amount on which the partners are taxable. In *Old Colony Trust Co. et al., Administrators*, 22 B.T.A. 1062, we held that the fair market value of stock received as compensation for services rendered constituted taxable income to the recipient when received. Article 53 of Regulations 74 provides that where services are paid for with something other than money, the fair market value of the thing taken in payment is the amount to be included as income, where there is no stipulated price for the services rendered, and that compensation in stock is to be treated as if the corporation sold the stock for its market value and paid the employee in cash. It seems perfectly clear that the date on which value must be determined is the date of payment rather than the end of a taxable year. The partnership income was earned on September 7, 1929, and the value on that date must be included as distributable income even though it had shrunk at the date actually distributed. Cf. *Harry B. Hurd*, 12 B.T.A. 368; *Lincoln Bank & Trust Co. et al., Executors*, 14 B.T.A. 393; affd., 51 Fed. (2d) 78; *Benedict Crowell*, 21 B.T.A. 849.

The respondent contends that the right to subscribe to stock of the Fire Co. granted by the Guaranty Co. to its stockholders represents a taxable dividend to the extent of the fair market value of the " right ". In support of his contention he cites *Peabody* v. *Eisner*, 247 U.S. 347; *United States* v. *Phellis*, 257 U.S. 156; *Rockefeller* v. *United States*, 257 U.S. 176; *Cullinan* v. *Walker*, 262 U.S. 134; *Marr* v. *United States*, 268 U.S. 536; *Estate of Edwin D. Metcalf*, 13 B.T.A. 236; affd., 32 Fed. (2d) 192; and *Nanaline H. Duke*, 18 B.T.A. 374.

The facts of the instant case are different from those of the cases cited by the respondent. Here the Guaranty Co. acted as agent for the Fire Co. in distributing 25,000 shares of the latter's stock to stockholders of the former. It subscribed for 25,000 shares on its own account and for 25,000 which were to be taken by its stockholders at the subscription price. It never received certificates for the latter 25,000 shares and it never owned them. Payment was made therefor only after the money had been collected from the subscribers. Surplus of the Guaranty Co. was in no way affected by the transaction and it received no benefit from the subscription price, which was immediately paid over to the Fire Co.

In such circumstances we think the petitioner has realized no taxable profit or dividend upon receipt of the rights to purchase stock of the Fire Co. Cf. *T. I. Hare Powell*, 27 B.T.A. 55.

Reviewed by the Board.

*Decision will be entered under Rule 50.*