**ABNEY et al. v. CAMPBELL, Collector of Internal Revenue.**

**Civ. No. 4587.**

United States District Court
N. D. Texas, Dallas Division.

June 30, 1952.

Martin Dies, Jasper, Tex., Looney, Clark & Moorhead, Austin, Tex., for plaintiffs.

Frank B. Potter, U. S. Atty., Ft. Worth, Tex., William Cantrell, Jr., Asst. U. S. Atty., Dallas, Tex., for defendant.

ATWELL, Chief Judge.

At the outset, it should be said that this case is almost de minimis non curat lex. It only involves $12.57 which the plaintiff alleges was distrained from her bank account at Marshall, Texas, by the defendant Collector.

The contest grows out of that provision of the Income Tax law which makes it the duty of the employer to retain from the employee who receives more than a certain amount during a three-month period, a certain percentage of such salary earned by the employee, and to transmit such portion, together with a like portion from the employer at the end of the ninety-day period, to the Collector of Internal Revenue for that particular district.

The plaintiff declined to do this, and the Collector distrained her bank account to the amount necessary to complete the requisites of the statute. This is a suit to recover that amount.

It is too late now to talk about the validity of the distraint. The Collector has that power and is bounden to exercise it if and when the tax-payer refuses to pay. Phillips v. C. I. R., 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; United States v. Long Island Drug Co., 2 Cir., 115 F.2d 983; United States v. Hess, 26 Fed.Cas.No.15, 358; United States v. Bank of United States, D.C., 5 F.Supp. 942.

Likewise, it may be summarily stated that a court cannot inquire into the reasonableness of a tax, nor of the means adopted for its collection. Congress has the power to defeat obstructions to such taxes as it chooses to impose and may adopt measures reasonably calculated to prevent avoidance of a tax. C. I. R. v. Ames, 7 Cir., 88 F.2d 338; United States v. Adams, D.C., 11 F.Supp. 216; Nicol v. Ames, 173 U.S. 509, 19 S.Ct. 522, 43 L.Ed. 786; Helvering v. City Bank Farmers Trust Company, 296 U.S. 85, 56 S.Ct. 70, 80 L.Ed. 62; Flood v. United States, 1 Cir., 133 F.2d 173.

As to the greater question of the constitutionality of the income tax, we find that the higher courts have spoken with reference to this matter in no uncertain terms. The Constitution, in Sec. 8 of Article 1, gave to the Congress the power to lay and collect Taxes, Duties, Imposts and Excises.

The first Income Tax law was declared to be unconstitutional, In Pollock v. Farmers Loan & Trust Company, 158 U.S. 601, 607, 15 S.Ct. 912, 39 L.Ed. 1108, Mr. Chief Justice Fuller, speaking for the court, said that, the Constitution spoke with reference to "direct taxation." And in the Congressional attempt for the first income tax, there was levied such a charge on real estate. The Constitution was for an indestructible union of and by indestructible states, and the Congress had the right of taxation according to apportionment. A tax on land was not such an apportionment among, or, allotted to the states according to population.

The new Act avoided that discrepancy, and under the 16th Amendment was in harmony with the constitutional power "to lay and collect Taxes, Duties, Imposts and Excises," conferred by the Constitution in Art. 1, Sec. 8. Brushaber v. Union Pacific, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493; United States v. City of Greenville, 4 Cir., 118 F.2d 963; Kerbaugh-Empire Co. v. Bowers, D.C., 300 F. 938, affirmed 271 U.S. 170, 46 S.Ct. 449, 70 L.Ed. 886. D. D. Oil Company v. C. I. R., 5 Cir., 147 F.2d 936; Shambaugh v. Schofield, 5 Cir., 132 F.2d 345; Cheley v. C. I. R., 10 Cir., 131 F.2d 1018; Speer v. Duggan, D.C., 5 F.Supp. 722. The earner of income may be taxed

therefor, irrespective of whether it is paid by someone else. Van Meter v. C. I. R., 8 Cir., 61 F.2d 817.

It has been held that Congress is without power to tax one person on the income of another when that income is wholly and completely acquired by another, and is beyond any power, or, right of the taxpayer to reach, or, control its disposition in any manner whatsoever. Lewis v. White, D.C., 56 F.2d 390, and the appeal was dismissed in 1 Cir., 61 F.2d 1046. But the facts of that particular case are not at all illuminative of the case at bar. Here we are merely considering the detention by the employer of a certain amount due the employee, and after that detention the duty to forward such detained portion to the Collector of Internal Revenue, together with a like portion out of employer's own funds. I have already spoken about that, and I believe that is within the power of the Congress.

Getting into the mental atmosphere of the philosophy which permits the imposition of taxes, we find that a citizen owes a duty to the state sometimes. That safety deposit box renters are required to collect the tax which the government imposes upon such a convenience and forward that tax to the government. So Felt & Tarrant Mfg. Co. v. Gallagher, 306 U.S. 62, 59 S.Ct. 376, 83 L.Ed. 488, the Supreme Court affirmed the collection of a tax for the state of California which required retailers maintaining a place of business in that state to collect from the purchaser the tax imposed. The collection and remission of a bathing tax. The collection and remission of admission tax. The withholding from the employee a certain portion of his wages by the employer. The tax as to the servant is an income tax, and the tax as to the employer is an excise tax. Both of which are constitutional.

■ There is no great amount of bookkeeping. It is a very simple matter. A servant who earns a certain amount is required to pay 1½ percent of that amount to the government, which is withheld by the employer and remitted by the employer with a like 1½ percent.

I think judgment must go for the defendant.