“On September 10, 1976, the court entered its order suspending further proceedings in this case until thirty days after the disposition by the United States Court of Appeals for the Fourth Circuit of both Conley v. Hampton, No. 75-1673, and Conley v. Berzak, 75-1826. On October 6, 1976, defendant informed the court that the Fourth Circuit had, on July 28, 1976, affirmed in a joint opinion the judgments in those two cases adverse to plaintiff. At the same time defendant renewed its request that the petition in this court be dis *562 missed. Plaintiff has filed no response to this supplemental memorandum, and lier time for so filing has elapsed.
“The Fourth Circuit held that plaintiff had failed to timely file an appeal with the Civil Service Commission with respect to her claim that her resignation had been coerced and was involuntary, and therefore that she had failed to exhaust her administrative remedies. This determination is binding on us under the principles of res judicata and collateral estoppel, and disposes of the case before us which seeks back pay and reinstatement based on the same claim of a coerced resignation.
“it is therefore ordered AND concltjded that the suspension of further proceedings in this case is lifted, the defendant’s motion to dismiss the petition is granted, and the petition is dismissed on the ground that the claim is precluded, under the doctrines of res judicata and collateral estoppel, by the decision of the Fourth Circuit that plaintiff failed to exhaust her administrative remedy.”