"This civilian pay case comes before the court on cross motions for summary judgment. There is no material issue of fact as to the timeliness of plaintiffs claim or the controlling nature of prior court decisions with relation to this same case.
"Plaintiff, Lena Rosa K. Conley, filed her petition in this court on December 21, 1976, alleging two causes of action. Plaintiffs first cause of action, involving an allegedly fraudulent check issued to her in 1973 because of her medical disability in 1966,[1] is barred by the statute of limitations. 28 U.S.C. § 2501 (1970). The Board of Appeals and Review (BAR) rendered its final decision denying plaintiffs appeal on January 27, 1967; consequently, plaintiffs cause of action arose, at the latest, on that date. Since plaintiffs petition was filed almost ten years after her cause of action arose, that claim is beyond the jurisdiction of this court.
"Plaintiffs second cause of action, revolving around her employment with the Naval Supply Center, Norfolk, Virginia, was the subject of plaintiffs former litigation in this court, which culminated in an order dismissing plaintiffs petition. Conley v. United States, 212 Ct. Cl. 561 *830 (1976). That order controls the disposition of the present claim as a matter of law; accordingly, plaintiffs second cause of action must be dismissed under the principle of res adjudicata. Therefore,
"it is ordered that plaintiffs cross motion for summary judgment be and is hereby denied, that defendant’s motion for summary judgment be and is hereby granted and that plaintiffs petition be and is hereby dismissed.”

 Contending that she was not really disabled, plaintiff refused to accept periodic disability payments. Accordingly, the Civil Service Commission held the funds until 1973, when they issued the lump sum check to plaintiff.