On June 8, 1979 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa and Kunzig, Judges.
This pro se military pay case comes before the court on defendant’s motion to dismiss. Defendant contends that the statute of limitations has run on this cause of action and that the action is therefore barred under 28 U.S.C. § 2501. We agree.
Plaintiff apparently claims that he was illegally discharged from the United States Naval Reserves on February 25, 1972, although his petition does not clearly state the circumstances of that discharge. He seeks back pay from that date to the present as well as future pay until the year 2000 and retirement pay after that time. He also asks for a declaratory judgment to correct his military records to provide for promotions from Lieutenant (jg) through Captain, the latter to be effective in January 1990.
It is beyond question that, in military discharge cases, the cause of action accrues immediately upon the serviceman’s removal. Ramsey v. United States, 215 Ct. Cl. 1042 (1978), cert. denied, 439 U.S. 1068 (1979); Kirby v. United States, 201 Ct. Cl. 527, 531 (1973), cert. denied, 417 U.S. 919 (1974). Plaintiffs alleged claim thus accrued on February 25, 1972; his petition was not filed in this court until February 15, 1979, after more than six years had elapsed. Although plaintiffs application before the Board for Correction of Naval Records was denied on August 31, 1973, such an action by a correction board does not affect *690 the running of the court’s statutory limitations period. Ellzey v. United States, 219 Ct.Cl. 589 (1979). Plaintiffs alleged claim is thus barred by the statute of limitations, 28 U.S.C. § 2501.
IT IS THEREFORE ORDERED, after considering the briefs and without oral argument, that defendant’s motion to dismiss is granted. The petition is dismissed.
Plaintiffs motion for rehearing was denied September 28, 1979. Plaintiffs petition for a writ of certiorari was denied, 446 U.S. 965 (1980).