This case is before the court on defendant’s motion to dismiss and on plaintiffs motion for summary judgment. After careful consideration of the parties’ submissions and without oral argument, we allow defendant’s motion and deny plaintiffs.
This petition is virtually identical to two previous petitions filed by Michael S. Ross in this court. The first petition was filed on September 25, 1973, and alleged an illegal discharge from the Naval Reserve on February 20, *691 1966. In Ross v. United States, 204 Ct. Cl. 816, cert. denied, 419 U. S. 1048 (1974), we dismissed the petition as time-barred under the 6-year rule of 28 U.S.C. § 2501 (1970). The second petition was filed on February 15, 1979, and alleged an illegal discharge from the Naval Reserve on February 25, 1972. In Ross v. United States, 220 Ct. Cl. 689, (1979), cert. denied, 446 U. S. 965 (1980), we dismissed the second petition as time-barried under 28 U.S.C. § 2501 (1976).
The only discernible difference between this action and the prior actions is that Ross now seeks to proceed with a class action "on behalf of all officers, officer candidates and individuals legitimately enrolled in any officer preparation or training program for six years prior to the date of filing this action * * *.” It is readily apparent, however, that this action must be treated as one brought only by Ross. The petition Ross has filed as "pro-se attorney for the class” is based entirely on Ross' unique claims against the United States rather than on the related claims of similarly situated individuals. See, e.g., Quinault Allottee Association v. United States, 197 Ct. Cl. 134, 140, 453 F. 2d 1272, 1276 (1972), cert. denied, 416 U.S. 961 (1974); Crone v. United States, 210 Ct. Cl. 499, 515-516, 538 F. 2d 875, 886, modified, 210 Ct. Cl. 748 (1976). If indeed there are numerous others similarly situated, their interests will be far better served by not forming the class around Ross. See Clincher v. United States, 205 Ct. Cl. 8, 11, 499 F. 2d 1250, 1252 (1974), cert. denied, 420 U. S. 991 (1975) (unfair to invite class members "on board a sinking ship”).[1]
As we conclude this action must be treated as brought by Ross alone, it follows this petition must be dismissed. In Container Transport International, Inc. v. United States, 199 Ct. Cl. 713. 468 F. 2d 926 (1972), we stated:
The general rule is, of course, that a final decision on the "merits” of a claim bars a subsequent action on that same claim or any part thereof, including issues which were not but could have been raised as a part of the claim. See Lawlor v. National Screen Service, 349 U.S. 322, 236-27 (1955); Commissioner v. Sunnen, 333 U.S. 591, *692 597 (1948); Creek Nation v. United States, 168 Ct. Cl. 483, 488 (1964). A plaintiff who splits his claim (or cause of action) and fails to include his entire demand in his first suit will have, as a result, to give up the part on which he fails to sue the first time. See Baird v. United States, 96 U.S. 430, 432 (1877); Nagler Electric Co. v. United States, 177 Ct. Cl. 234, 246, 368 F.2d 847, 855-56 (1966). [199 Ct. Cl. at 717, 468 F. 2d at 928.]
See also Clark v. United States, 150 Ct. Cl. 470, 281 F. 2d 443 (1960); Ray v. United States, 209 Ct. Cl. 761 (1976); Conley v. United States, 214 Ct. Cl. 829 (1977). Based as this petition is on the subject matter of the prior litigation, res judicata must bar it.
Moreover, even if Ross could somehow avoid res judicata, 28 U.S.C. § 2501 would itself bar this claim. The rule has always been that in wrongful discharge cases the cause of action accrues upon the serviceman’s discharge. Ramsey v. United States, 215 Ct. Cl. 1042, 1043 (1978), cert. denied, 439 U. S. 1068 (1979); Kirby v. United States, 201 Ct. Cl. 527, 531 (1973), cert. denied, 417 U. S. 919 (1974).
Ross bases his most recent petition on both the 1966 and 1972 discharges. As this petition was filed on October 21, 1980, it is apparent this petition is also time barred under 28 U.S.C. § 2501. Although Ross’ application to the Correction Board was denied on July 2, 1980, applications to a correction board in discharge cases are permissive, not mandatory, and do not serve to toll or defer the statute of limitations. E.g., Ramsey, supra; Ellzey v. United States, 219 Ct. Cl. 589 (1978).
it is therefore ordered that defendant’s motion to dismiss plaintiffs petition is hereby granted. Plaintiff’s motion for summary judgment is hereby denied. The petition is hereby dismissed.

 Even if this were properly before us as a class action, we would have considerable doubts as to Ross’ ability as a pro se plaintiff to prosecute the class interest. See, for example, Oxendine v. Williams, 509 F. 2d 1405, 1407 (4th Cir. 1975); Martin v. Middendorf, 420 F. Supp. 779 passim (D. D.C. 1976).