LEWIS D. PRICE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Price v. Commissioner
Docket No. 11319-85.
United States Tax Court
T.C. Memo 1986-553; 1986 Tax Ct. Memo LEXIS 54; 52 T.C.M. (CCH) 1038; T.C.M. (RIA) 86553; November 19, 1986. Lewis D. Price, pro se. James S. Erie, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
§ 6651(a)(1) [1]
§ 6653(a) [2]
§ 6654(a)
1977
$2,134
$141.58
$106.70
$6.22
1978
4,129
460.45
206.45
40.64
1979
2,549
182.71
127.45
11.55
1981
23,257
4,590.00
1,162.85
1,312.98
1982
7,566
766.35
378.30
188.89
1983
7,457
756.78
372.85
117.46
*56 After concessions, the issues that we must decide are: 1. Whether respondent correctly determined that petitioner had earnings during 1977, 1978, 1979, 1981, 1982, and 1983 of $12,269.57, $17,908.14, $14,206.61, $54,029.19, $28,058.19, and $29,619.58 respectively. 2. Whether petitioner is entitled to report in 1979 and 1980 the portion of an award of back pay that was awarded for those years and that he received in 1981. 3. Whether petitioner is entitled to a deduction for a loss he alleges he suffered in 1980 when respondent seized and sold a parcel of his real property to satisfy an assessed income *57 tax deficiency. 4. Whether petitioner is liable for additions to tax under section 6651(a)(1) for failing to file timely returns for the years at issue. 5. Whether petitioner is liable for additions to tax under section 6653(a) for the years at issue. 6. Whether petitioner is subject to additions to tax under section 6654(a) for failure to pay estimated income taxes for the years at issue. FINDINGS OF FACT Respondent served upon petitioner a Request for Admissions with numerous accompanying exhibits. Petitioner did not respond to the Request for Admissions. The facts set forth therein are accordingly deemed admitted under Rule 90(c) and are so found. Freedson v. Commissioner,65 T.C. 333, 335-336 (1975), affd. 565 F.2d 954 (5th Cir. 1978). The facts deemed admitted under Rule 90(c) and the exhibits attached thereto are incorporated herein by this reference. Petitioner was a resident of Atlanta, Georgia when he filed his petition herein. He failed to file Federal income tax returns for the years at issue despite having received wage and salary income from Lockheed Corporation of $12,269.57, $17,908.14, $14,206.61, $54,029.19, $28,058.19, *58 and $29,619,58 respectively during those years. The $54,029.19 petitioner received during 1981 included an award of back pay from 1979 and 1980. His right to the back pay was not fixed until a Federal arbitrator granted the award in 1981. Petitioner was paid and received the $54,029.19 of income during 1981. Petitioner timely filed his Federal income tax teturn for 1976, a year not now before this Court, on or before April 15, 1977. Respondent timely mailed petitioner a statutory notice of deficiency for 1976 on April 25, 1978. The notice reflected an income tax deficiency of $5,326.34. Petitioner did not petition this Court to contest the notice. Respondent on February 12, 1979 assessed a deficiency of $5,326.34 against petitioner for 1976. Petitioner filed an amended Federal income tax return for 1976 on April 15, 1980. On May 14, 1980 respondent seized real property owned by petitioner to satisfy the deficiency that had been assessed for 1976. Petitioner had purchased the property around 1960 for approximately $13,000. He held the property as rental property during the entire 20 year period he owned it.By 1980 he had claimed over $10,000 of depreciation deductions on *59 the property, leaving an adjusted basis of approximately $3,000. Respondent sold the property for $10,000 at public auction on June 17, 1980, and applied $6,935.99 of the proceeds to petitioner's deficiency and interest for 1976. [3]
The amended return which petitioner filed for 1976 was subsequently audited by respondent.As a result, respondent determined an overpayment in petitioner's favor for 1976 in the amount of $5,326.34, the exact amount for which a deficiency had previously been assessed and collected by respondent, as described above. Respondent determined that petitioner failed to file returns and is liable for additions to tax under sections 6651(a)(1), 6653(a), and 6654(a) for the years at issue. Respondent concedes that petitioner is entitled to a carryforward to 1977 of a long-term capital loss of $15,036 that was not reflected in respondent's notices of deficiency. Respondent further notes that his determination of deficiencies did not, pursuant to section 6211(b)(1), reflect prepayment credits for the following years in the following amounts: year
Prepayment Credit
1977
$1,567.67 1978
2,287.19
1979
1,818.18
1981
4,899.46
1982
4,500.62
1983
4,429.88
*60 OPINION Petitioner's Earnings
Respondent determined in his notice of deficiency that petitioner received wage and salary income from Lockheed Corporation during each of the years at issue. Respondent based his determinations on Wage and Tax Statements (W-2 forms) received from Lockheed that reported petitioner's earnings. Petitioner bears the burden of proving that respondent's determinations are incorrect. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). Petitioner failed to introduce any evidence that establishes that respondent's determinations are incorrect. He in fact admitted the determinations were correct by failing to respond to respondent's Request for Admissions. Freedson v. Commissioner,supra; Rule 90(c). We sustain respondent's determinations of petitioner's wage and salary income for the years at issue. Back Pay
The $54,029.19 petitioner received from Lockheed Corporation in 1981 included an award of back pay from 1979 and 1980. Petitioner argues that he is entitled to report the portion of the award attributable to 1979 and 1980 in those years and to reduce his 1981 income accordingly. Petitioner's *61 argument fails as a matter of law. Section 451(a) sets forth the general rule that cash basis taxpayers must report items of gross income in the year they receive them. As petitioner offered no evidence that he is other than a cash basis taxpayer, he must report the entire $54,029.19 in his income for 1981, the year he received it. [4]Massey v. Commissioner,143 F.2d 429, 430 (5th Cir. 1944), affg. a Memorandum Opinion of this Court. We hold that respondent properly determined that the entire $54,029.19 of compensation received by petitioner in 1981 was gross income to him in 1981, and that none of the $54,029.19 was gross income to him in 1979 or 1980. Deduction For Alleged Loss
Petitioner argues that he is entitled to an unspecified deduction for a loss or damages that he allegedly suffered when respondent seized and sold a parcel of his real property *62 in 1980 to satisfy a tax assessment for 1976. As it is unclear whether petitioner's argument is (a) that he suffered a loss, or (b) that he was damaged by respondent's allegedly improper seizure and sale of his property, we will discuss both issues. (a) Petitioner would suffer a capital loss when respondent seized and sold his property if the amount realized for the property was less than its adjusted basis. Sec. 1001(a). The facts establish that respondent sold the property for $10,000 when it had an adjusted basis of approximately $3,000. It is therefore clear that petitioner realized no capital loss from the sale. [5]
(b) This Court lacks jurisdiction to determine whether respondent improperly seized and sold petitioner's property. The Tax Court is a court of limited jurisdiction. Medeiros v. Commissioner,77 T.C. 1255, 1259 (1981). Our jurisdiction is granted to us by section 7442, and is limited to jurisdiction to redetermine deficiencies in Federal income, estate, gift and specific excise taxes, and to hear declaratory judgment and disclosure actions where specifically permitted by statute. See secs. 6214, 6110(f), 7428, 7476, 7478. We have not been *63 granted jurisdiction to determine whether respondent has properly used his power to seize and sell property to collect taxes that have been assessed after the issuance of a notice of deficiency and the expiration of the restriction on assessment provided by section 6213, nor to award damages against the government if such power has been abused. Cf. Flynn v. Commissioner,40 T.C. 770, 773 (1963). In sum, petitioner has not established that he is entitled to a deduction for a loss allegedly suffered when respondent seized and sold his property in 1980 to satisfy taxes assessed for 1976. [6]
Respondent has conceded that petitioner is entitled to a $15,036 long-term capital loss carryforward to 1977 from an unrelated transaction. Such concession can be given effect for 1977 and subsequent years in the recomputation to be *64 made herein under Rule 155. Additions to Tax
Respondent determined in his notice of deficiency that petitioner is liable for the additions to tax provided by sections 6651(a)(1), 6653(a), and 6654(a) for each of the years at issue. To avoid the additions, petitioner bears the burden of proving that respondent's determinations are incorrect. Welch v. Helvering,supra; Rule 142(a). Section 6651(a)(1) provides for an addition to tax for failure to timely file returns. Taxpayers can avoid the addition by establishing reasonable cause for the failure to timely file. Petitioner failed to file returns for each of the years at issue, and he failed to offer evidence to establish that there was reasonable cause for his failures to file. We accordingly hold that he is liable for the addition to tax provided by section 6651(a)(1) for each of the years at issue. Section 6653(a) provides for an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules and regulations. Filing a return late evidences intentional disregard of rules and regulations. Inter-American Life Insurance Co. v. Commissioner,56 T.C. 497, 512 (1971), *65 affd. per curiam 469 F.2d 697 (9th Cir. 1972); see also Lord v. Commissioner,60 T.C. 199, 210 (1973), modified 525 F.2d 741 (9th Cir. 1975). Considering the evidence before us, we conclude that petitioner has failed to offer evidence to prove that respondent erroneously determined that he was subject to additions to tax under section 6653(a) for the years at issue. We therefore sustain respondent's determination that petitioner is liable for additions to tax pursuant to section 6653(a) for the tax years at issue, including respondent's determination that the entire underpayment for the years 1981, 1982 and 1983 is due to negligence within the meaning of section 6653(a)(2). Section 6654(a) imposes on individuals an addition to tax for failure to pay estimated taxes. The addition to tax is mandatory, absent one of several statutory exceptions. Castillo v. Commissioner,84 T.C. 405, 410 (1985). Petitioner had the burden of showing that he qualified for one of the statutory exceptions, and as he failed to do so we sustain respondent's determination that he is subject to additions to tax under section 6654(a) for the years *66 at issue. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
2. Amounts represent additions for sec. 6653(a) for 1977, 1978, and 1979, and additions for sec. 6653(a)(1) for 1981, 1982, and 1983. Amounts exclude additions for sec. 6653(a)(2), which applies to years 1981, 1982, and 1983. The additions for sec. 6653(a)(2) for 1981, 1982, and 1983 will equal 50 percent of the interest due on the underpayments for those years.↩
3. What happened to the balance of the $10,000 is not disclosed in this record.↩
4. Petitioner did not constructively receive the back pay prior to 1981, as his right to the pay was not fixed until the 1981 award. Sec. 1.451-2, Income Tax Regs.; Old Colony Trust Co. v. Commissioner,22 B.T.A. 1062, 1065 (1931), affd. 59 F.2d 168↩ (1st Cir. 1932).
5. If anything, petitioner realized a gain. Respondent did not amend his answer, however, to assert that petitioner realized a gain.↩
6. This Court, in any event, has jurisdiction over 1980, a year not before us, only as is necessary to allow us to correctly redetermine deficiencies for years that are properly before us. Sec. 6214(b).↩