Michael S. ROSS, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 701–87T.

United States Claims Court.

Oct. 27, 1988.

Michael S. Ross, Long Beach, Cal., pro se.

G. Robson Stewart, Washington, D.C., with whom was Asst. Atty. Gen. William S. Rose, Jr., for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This *pro se* tax refund case came before the court on parties' cross-motions for summary judgment. Plaintiff sought, amongst other relief, a refund of $1,349.44, the amount collected by the Internal Revenue Service in satisfaction of plaintiff's income tax liability for the 1984 tax year.

## FACTS

Michael S. Ross, plaintiff, an individual, cash-basis taxpayer, was employed from the fall of 1983 to the spring of 1984 by the Los Angeles County Unified School District as a day-to-day substitute teacher. Plaintiff timely filed a 1984 Standard Form 1040 income tax return and W–2 income statement, stating that plaintiff had received $13,699.99 in 1984 but claiming that no taxes were due and that plaintiff was entitled to refund of the taxes withheld. After the claim was denied and plaintiff was informed of further tax liability, plaintiff filed a claim for refund (Form 843) with the Fresno, California Service Center of the Internal Revenue Service. The claim was disallowed because plaintiff did not state a basis for the changes in the Standard Form 1040 figures that he indicated on his refund claim. Plaintiff then chose to bring suit in this court under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1982).

Plaintiff attempted to file quite a number of various motions, ranging from criminal claims, appeals, and draft orders, all with serious substantive or procedural defects. A motion for attorney fees was also brought by plaintiff for costs incurred in previous actions involving the Naval Reserve and plaintiff's alleged improper discharge for chronic schizophrenia. The attorney fees motion was dismissed by the Order of this court on June 3, 1988. Two documents opposing and replying to defendant's cross-motion for summary judgment were allowed to be filed by Order of this court thereby providing a foundation upon which the court could rule.

## DISCUSSION

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. RUSCC 56(c). In evaluating a motion for summary judgment, any doubt over whether there is a genuine issue of material fact must be resolved in favor of the non-moving party. *Housing Corp. of America v. United States,* 199 Ct.Cl. 705, 710, 468 F.2d 922, 924 (1972); *Campbell v. United States,* 2 Cl.Ct. 247, 249 (1983). In addition, the inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the motion for summary judgment. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). The court is of the opinion that there are no genuine issues of material fact in dispute and that this case is properly before the court for disposition on cross-motions for summary judgment.

It was difficult to determine from plaintiff's motion exactly what he was seeking. Ross' incoherent pleadings seemed to allege a multitude of claims against the federal government, "several thousand" attorneys, the U.S. Naval Reserve, the Los Angeles County Unified School District, its payroll officer, and countless others. In addition, the plaintiff was intent on relitigating matters that have long since been dismissed by this and other courts. *Ross v. United States,* 227 Ct.Cl. 690 (1981); *Ross v. United States,* 220 Ct.Cl. 689, 618 F.2d 122 (1979); *Ross v. United States,* 204 Ct.Cl. 816 (1974); *Ross v. United States,* 620 F.2d 311 (9th Cir.1980).

Plaintiff's rambling narrative appeared to focus on three issues.[1] First, plaintiff

1. In addition to these substantive issues, plaintiff asserted that defendant's motion for summary judgment was improper since it was filed more than sixty days after plaintiff's motion.

alleged that because his employer misreported the income on his 1983 and 1984 W–2 income statement forms, his stated tax liability was also incorrect. Second, plaintiff claimed that he had been unfairly denied tax exempt status, and that this denial affected his tax liability for 1984. Finally, plaintiff challenged the authority of the federal government to garnish his wages and seize his bank account.

### Misreported Income

■ Plaintiff alleged that his assessed tax liability was incorrect due to the improper reporting of income by his employer on his W–2 form. Plaintiff contended that he was paid in 1984 for work performed in late 1983, and that his 1983 W–2 form reflected too small a sum while the 1984 W–2 indicated an inflated income. As such, plaintiff argued that he was entitled to a refund, because the determining factor for computing taxes was the year in which the income was actually earned.

The general rule for determining exactly what income is included in which taxable year is found in 26 U.S.C. § 451(a) (1982), which provides:

> a. *General Rule.*—The amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless under the method of accounting used in computing taxable income, such amount is to be properly accounted for as of a different period.

Individual, cash-basis taxpayers who do not keep books and have no annual accounting period use the calendar year as their taxable year for the purpose of determining taxable income. 26 U.S.C. § 441 (1982). Thus, a cash-basis taxpayer is to be taxed on income in the year in which it is received. Plaintiff's W–2 form indicated that he received $13,699.96 from his employer in 1984. Since plaintiff was an individual, cash-basis taxpayer, this income was properly taxed during 1984, the year of receipt. It is irrelevant to this analysis that some of

the money allegedly earned in 1983 might have been reported as 1984 income. In *Price v. Commissioner*, 52 T.C.M. (CCH) 1038 (1986), a case similar to the one at bar, plaintiff argued that he was entitled to report an award of back pay, granted during 1981, in 1979 and 1980, the periods in which he claimed to have earned the income. The court, relying primarily on § 451(a), held that plaintiff's income was earned in the year of receipt and that the Internal Revenue Service had correctly determined that the entire award of back pay was to be treated as taxable income in 1981. *Id.,* at 1040.

### Exemption

■ Plaintiff also argued, without any supporting documentation, that his employer should never have withheld Federal income tax from his paycheck because he was "exempt" from such withholding. Plaintiff claimed that he was improperly denied tax-exempt status pursuant to 26 U.S.C. § 3402(n) (1982), which allows an individual who anticipates no tax liability to avoid having tax withheld from his wages. In particular, § 3402(n) states:

> Notwithstanding any other provision of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to such payment a withholding exemption certificate ... furnished to the employer by the employee certifying that the employee—
>
>> (1) incurred no liability for income tax imposed under subtitle A for his preceding taxable year, and
>>
>> (2) anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year.

Individuals seeking withholding exemptions are required to file Treasury Form W–4E certifying that no federal tax liability was incurred in the preceding tax year and that there will be no anticipated liability for the current year. *United States v.*

---

However, this issue was moot because the court granted defendant an extension of time in order to file its cross-motion for summary judgment and its opposition to plaintiff's motion for summary judgment.

*Shimek,* 445 F.Supp. 884, 890 (M.D.Pa. 1978). Plaintiff did not allege that he completed Form W–4E nor was there evidence in the pleadings that plaintiff ever complied with the statute's requirements. The elaborate procedure for withholding taxes established by § 3402 may not be undermined "by permitting the taxpayer to avoid withholding with a mere unsupported, undocumented claim of exemption that is not subject to administrative review." *Pascoe v. I.R.S.,* 580 F.Supp. 649, 653 (E.D.Mich. 1984). As plaintiff did not qualify for exempt status, any claims relating to such are barred.

Even if plaintiff had been exempt from withholding, that status would not have changed his ultimate tax liability. The amount withheld from plaintiff's salary was not even half the taxes owed on plaintiff's 1984 income of $13,699.96. Plaintiff seemed to imagine that 26 U.S.C. § 3402(n) permitted an exemption from all income tax. This obviously was not the case. Section 3402(n) merely gave plaintiff an option: you can either pay the government now, or you can pay it later.

### Collection of Taxes

■ Finally, plaintiff challenged the legality of defendant's seizure of his bank accounts and garnishment of his wages as a means of collecting his tax liability. Under 26 U.S.C. § 6331 the United States has the authority "to collect such tax ... by levy upon all property and rights to property." It is quite clear that accrued salaries are property and rights to property subject to levy. *Sims v. United States,* 359 U.S. 108, 110, 79 S.Ct. 641, 644, 3 L.Ed.2d 667 (1959). In addition, § 6331(e)(1) describes such a levy on salary or wages and its duration. In the case of a bank account, the I.R.S. has the power to distrain a taxpayer's account and has a duty to do so when the taxpayer refuses to pay federal taxes. *Abney v. Campbell,* 105 F.Supp. 740 (N.D.Tex.1952), *aff'd.,* 206 F.2d 836 (5th Cir.1953). It is thus clear that the government had the power to both garnish plaintiff's wages and seize his bank ac-

counts once it had been determined that he had been delinquent in paying his taxes. As such, defendant acted within its authority when it garnished plaintiff's assets as a means to collect his tax deficiencies.

### CONCLUSION

Based on the facts and law set forth above, this court finds, assuming all plaintiff's allegations are true, that plaintiff's claims are without merit. Leniency was afforded plaintiff in all allowable matters. *Kelley v. Department of Labor,* 812 F.2d 1378, 1380 (Fed.Cir.1987). The court holds that the alleged misreporting of income was irrelevant given the clear language of 26 U.S.C. § 451. Plaintiff's contention that he was wrongfully denied "exempt" status pursuant to 26 U.S.C. § 3402(n) is unsupported and ultimately immaterial to the facts of the case. Lastly, it is without question that given the tax liability still owed by plaintiff, the government had the authority to garnish the plaintiff's wages and seize his bank accounts until that liability had been satisfied. Accordingly, plaintiff's motion for summary judgment is denied. Defendant's cross motion for summary judgment is allowed and its motion to strike is granted.[2] The Clerk is directed to dismiss plaintiff's complaint with prejudice. Costs to defendant.

IT IS SO ORDERED.

---

2. The stricken material contained statements that were impertinent, scandalous, and consti-

tuted groundless and possibly libelous personal attacks against defendant's counsel.